# APRIL, 1925.

---

### W. E. McVicker v. The State.

No. 8879.   Delivered April 15, 1925.

Rehearing denied May 21, 1925.

**1.—Selling Intoxicating Liquor—Continuance—No Diligence—Properly Refused.**

Where a motion for a continuance is asked on account of the absence of character witness, and others for whom no diligence has been used, and whose testimony is not clearly set out in the application, it is properly refused.

**2.—Same—Argument of Counsel—Bill of Exception—Not Considered.**

Where a bill of exception complains of the argument of counsel, and sets out the entire argument, without pointing out what part was complained of, it will not be considered. See Sec. 211, Branch's Ann. P. C.

Appeal from the District Court of Bosque County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction of selling intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Levi Herring,* of Fairfield, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Bosque County of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The testimony need not be set out at length. The facts evidencing such sale were directly testified to in such a manner as to make the conclusion of the jury find ample support in the testimony.

There are three bills of exception in the record. The first complains of the refusal of a continuance sought because of the absence of six witnesses. As to one of them, the application frankly admits lack of diligence. Three of the witnesses were sought upon the ground that they would testify to the good reputation of appellant as a law-abiding citizen. The refusal of a continuance for witnesses to such facts will ordinarily not call for reversal. Appellant did not take the stand, nor in any way put his character as a law-abiding citizen in issue. The testimony expected from the other two witnesses, as stated in the application for continuance, amounts simply to a conclusion. In addition to this, it appears that said two last mentioned witnesses had been summoned at the October term of court in Somervell county, from which the case was brought to Bosque county on a change of venue, in which last named county the case was tried in April following. There is nothing in the record to show whether or not said witnesses had been present at any prior call of the case in Bosque couny or that the calling of the case in Bosque county in April was the first time the attendance of the witnesses became necessary under the process and service thereof upon them in Somervell county. One who seeks a continuance must, under all the authorities, show himself entitled to it by accurate and definite averment. This the appellant has not done.

Another bill of exceptions complains of the introduction in evidence of a quantity of intoxicating liquor, said in the bill to have been introduced after the eidence and argument in the case had been ended. The qualification of the court below appended to this bill, negatives the above statement and asserts that the said liquor was introduced in evidence before the argument was had.

The remaining bill of exceptions was taken generally to an extended argument of State's counsel all of which is set forth in the bill and which, in such condition, we cannot consider. Much of the argument appearing in the bill was proper, and none of it appears very much out of line, if at all. However, the rules applicable, as laid down by this court, say that such a bill is too general and will not be considered. See Sec. 211, Branch's Annotated P. C. for collation of authorities announcing the general rule.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*