## McVICKER v. STATE.    (No. 8879.)

(Court of Criminal Appeals of Texas.    April 15, 1925.    Rehearing Denied May 20, 1925.)

**1. Criminal law ⬤⟹595(8)—Refusal of continuance sought for absence of reputation witnesses not reversible error.**

Refusal of continuance sought for absence of reputation witnesses *held* not ground for reversal, especially where accused did not take stand or put his character as law-abiding citizen in issue.

**2. Criminal law ⬤⟹595(10)—Refusal of continuance for absence of witnesses merely testifying to conclusion not reversible error.**

Refusal of continuance sought for absence of witnesses whose testimony simply amounted to a conclusion *held* not to require reversal, especially in absence of accurate and definite averment as to facts concerning their absence or attendance at prior calling of case.

**3. Criminal law ⬤⟹1119(4)—Bill of exceptions to extended argument of state's counsel set forth in full too general for consideration.**

Bill of exceptions taken generally to extended argument of state's counsel, all of which

was set forth in bill, *held* too general for consideration.

Appeal from District court, Bosque County; Irwin T. Ward, Judge.

W. E. McVicker was convicted of selling intoxicating liquor, and he appeals.. Affirmed.

Levi Herring, of Fairfield, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Bosque county of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The testimony need not be set out at length. The facts evidencing such sale were directly testified to in such manner as to make the conclusion of the jury find ample support in the testimony.

[1, 2] There are three bills of exception in the record. The first complains of the refusal of a continuance sought because of the absence of six witnesses. As to one of them, the application frankly admits lack of diligence. Three of the witnesses were sought upon the ground that they would testify to the good reputation of appellant as a law-, abiding citizen. The refusal of a continuance for witnesses to such facts will ordinarily not call for reversal. Appellant did not take the stand, nor in any way put his character as a law-abiding citizen in issue. The testimony expected from the other two witnesses, as stated in the application for continuance, amounts simply to a conclusion. In addition to this, it appears that said two last-mentioned witnesses had been summoned at the October term of court in Somervell county, from which the case was brought to Bosque county on a change of venue, in which last-named county the case was tried in April following. There is nothing in the record to show whether or not said witnesses had been present, at any prior call of the case in Bosque county or that the calling of the case in Bosque county in April was the first time the attendance of the witnesses became necessary under the process and service thereof upon them in Somervell county. One who seeks a continuance must, under all the authorities, show himself entitled to it by accurate and definite averment. This appellant has not done.

Another bill of exceptions complains of the introduction in evidence of a quantity of intoxicating liquor, said in the bill to have been introduced after the evidence and argument in the case had been ended. The qualification of the court below appended to this bill negatives the above statement, and asserts that the said liquor was introduced in evidence before the argument was had.

[3] The remaining bill of exceptions was taken generally to an extended argument of state's counsel, all of which is set forth in the bill and which, in such condition, we cannot consider. Much of the argument appearing in the bill was proper, and none of it appears very much out of line, if at all. However, the rules applicable, as laid down by this court, say that such a bill is too general and will not be considered. See section 211, Branch's Annotated P. C., for collation of authorities announcing the general rule.

Finding no error in the record, the judgment will be affirmed.