## H. E. GRAY V. THE STATE.

No. 11591.   Delivered April 18, 1928.

1.—Perjury — Deputy District Clerk — Power to Swear Witness — Statute Construed.

In the Revised Statutes of 1925, Art. 1693, R. S. of 1911, authorizing district clerks to administer oaths and affirmations and Art. 1691, R. S. of 1911, authorizing deputy district clerks to perform all such official acts as may be lawfully done and performed by the clerk, was omitted.

2.—Same—Continued.

Subd. 3 of Art. 26 of R. S. of 1925 authorizes the clerk of any court of record in this state to administer oaths, affidavits or affirmations, and Art. 3927, R. S. of 1925 authorizes a district clerk to charge a fee of ten cents for swearing each witness. Construing together these provisions, confer authority on district clerks to administer oaths to witnesses in judicial proceedings.

3.—Same—Continued.

Except to appoint a deputy, the deputy clerk is authorized to perform any official, ministerial act, that may be done by his principal, provided there is no statutory provision or implication to the contrary. Hence, the omission from the Revised Statutes of 1925 of the articles mentioned did not have the effect of divesting district clerks and their deputies of the authority to administer oaths to witnesses in judicial proceedings. See Corpus Juris, Vol. 11, p. 913; McKinnon v. McCallum, 6 Fla. 376.

4.—Same—Bill of Exception—Incomplete—Presents No Error.

Where a bill of exception complains of the admission of certain testimony and the truth of such objection is not verified by the trial judge, the mere statement of a ground of objection in a bill of exception not being

a certificate that the facts which form the basis of the objections are true, it merely shows that such an objection was made and presents no error. See Branch's Ann. P. C., Sec. 209, p. 134; Buchanan v. State, 298 S. W. 569.

5.—Same—Bill of Exception—In Question and Answer Form—Not Considered.

Where a bill of exception is in question and answer form and contains no certificate of the trial judge as to the necessity of such form, same will not be considered. See Montez v. State, 276 S. W. 709, and Lee v. State, 274 S. W. 582.

6.—Same — Argument of Counsel — Objection Multifarious — Present No Error.

Where an objection to argument of counsel are set out at length in a bill of exception, and some of the statements shown in the bill are unquestionably proper, and those deemed improper are not specified, such bill is multifarious and presents no error. See Utley v. State, 1 S. W. (2nd Ed.), 292.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction for perjury, penalty two years in the penitentiary.

The opinion states the case.

*George H. Cavanaugh* of Houston, for appellant.

*Heidingsfelder, Kahn & Branch* of Houston, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is perjury, the punishment confinement in the penitentiary for two years.

The charge grew out of testimony given by appellant in a civil suit. John Salmon fell under a freight train which was passing through Fayetteville, Texas. His feet were mashed. The mother of the injured party brought suit against the railroad company. Appellant testified on the trial of that suit that he was in Fayetteville on the occasion when young Salmon was injured; that as the train passed the crossing where Salmon was standing a swinging car door struck the injured party and knocked him out of view. Witnesses for the state testified that Salmon was endeavoring to board the train at the time of the accident. The state's testimony supported the theory that there were no swinging doors on the train at the time of the accident and that Salmon was not struck by a door. On such testimony perjury was assigned. Appellant did not testify. No testimony to the effect that a car door was open or swinging at the time of the accident was offered by appellant.

It was alleged in the indictment that the oath was administered to appellant by J. D. Brightwell, deputy district clerk. Appellant contends that district clerks and their deputies are without authority to administer oaths in judicial proceedings. His position is predicated on the fact that Art. 1693, R. S., 1911, authorizing district clerks to administer oaths and affirmations, and Art. 1691, R. S., 1911, authorizing deputy district clerks to perform all such official acts as may be lawfully done and performed by the clerk, were omitted from R. S., 1925.

Subd. 3 of Art. 26, R. S., 1925, authorizes the clerk of any court of record in this state to administer oaths, affidavits or affirmations.  Art. 3927, R. S., 1925, authorizes a district clerk to charge a fee of ten cents for swearing each witness.  Construed together these provisions confer authority on district clerks to administer oaths to witnesses in judicial proceedings. Except to appoint a deputy, a deputy clerk is authorized to perform any official ministerial act that may be done by his principal, provided there is no statutory provision or implication to the contrary.  Corpus Juris, Vol. 11, p. 913.  Administering an oath is a ministerial act.  McKinnon v. McCallum, 6 Fla. 376.  Hence, the omission from Revised Statutes of 1925 of the articles mentioned did not have the effect of divesting district clerks and their deputies of the authority to administer oaths to witnesses in judicial proceedings.  Finding statutory authority for so administering oaths, we do not deem it necessary to discuss other grounds upon which such authority might be predicated.

Appellant contends that the state failed to prove that he (appellant) was sworn by J. D. Brightwell, deputy clerk, as alleged in the indictment.  We are unable to agree with him. Several witnesses for the state testified that Brightwell swore all the witnesses who testified on the first day of the trial.  Moreover, it was shown that appellant testified on the first day of the trial.  John Salmon, a witness for appellant, testified that he "heard him (appellant) sworn up there by the deputy district clerk, Mr. J. D. Brightwell."

The state offered witnesses who testified that before leaving Houston there were no swinging doors on the train.  Other witnesses testified that after passing the scene of the accident there were no loose or swinging doors present.  As shown by bill of exception No. 3, appellant interposed various objections to the testimony concerning the condition of the train at the time it left Houston.  The truth of such objections is not verified.  A

mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Ann. P. C., Sec. 209, p. 134; Buchanan v. State, 298 S. W. 569. If the bill of exception were sufficient, the evidence objected to considered in connection with the testimony relative to the condition of the train after passing the scene of the accident appears to have been relevant and material.

Bill of exception No. 4 is in question and answer form, with no certificate of the judge showing the necessity for such form. Bills of exception in question and answer form are not entitled to consideration. Montez v. State, 276 S. W. 709. Where a bill of exception appears in question and answer form in order to receive consideration the certificate of the trial judge must show the necessity for such form. Lee v. State, 274 S. W. 582.

Appellant complains of certain remarks made in the argument of one of the attorneys for the state. The remarks of counsel are set out at length in bill of exception No. 5. Appellant interposed a general objection to such remarks. Some of the statements shown in the bill were unquestionably proper. Those deemed improper were not specified. Hence the bill of exception is insufficient. Moreover, if some of the statements were improper, in the state of the record, they could not have been harmful to appellant and would not, therefore, warrant a reversal. The evidence is amply sufficient to support the conviction, and the lowest penalty was awarded appellant. Utley v. State, 1 S. W. (2nd Series) 292.

Finding no error the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.