ARTHUR FERNOIA RHODES V. THE STATE.

No. 20419. Delivered June 7, 1939.

The opinion states the case.

*Bruce Graham,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for theft of an automobile over the value of $50.00. The punishment assessed is confinement in the state penitentiary for a term of five years.

On the night of April 2, 1937, Mrs. Newbury drove her automobile to a point near the post office, parked it and went inside to mail a letter. While she was gone someone stole her car. She immediately reported the matter to the police department. In the latter part of August, her car was found in the possession of Solon Stanley. Stanley testified that he purchased the car from Guy Cox in the month of April. Cox acquired it from Williams and Williams had purchased it from the appellant. The automobile in question was definitely identified as the one stolen from Mrs. Newbury. Appellant did not testify in his own behalf. His defensive theory was that of mistaken identity of the automobile alleged to have been stolen, and he offered some testimony in support of his theory. Thus an issue of fact was raised, which was submitted to the jury under an appropriate instruction and which they decided adversely to appellant's contention.

By bill of exception number one, appellant complains of certain remarks made by the District Attorney in his closing argument to the jury. The remarks are set out at length in the bill. Appellant interposed a general objection to said remarks, some of which were unquestionably proper. Those deemed to have been improper were not specifically objected to. Hence the bill of exception is insufficient. See Gray v. State, 109 Texas Crim. Rep., 481; 5 S. W. (2d), 518; McVicker v. State, 100 Texas Crim. Rep., 598; 272 S. W. 166. Furthermore, the remarks seem to have been a proper reply to the argument of counsel for appellant, and no request was made by appellant for an instruction to the jury to disregard any specific part thereof.

The remarks complained of in bill of exception number two were based upon evidence and seem to have been a proper and legitimate deduction therefrom. Consequently no error is shown.

Bill of exception number three also complains of certain remarks made by the district attorney. This bill is qualified by the trial court and as qualified fails to show error.

All other matters complained of by appellant have been considered by us and are deemed to be without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.