## RALPH LUCAS v. THE STATE.

No. 20,615. Delivered December 13, 1939.
On Motion to Reinstate Appeal January 17, 1940.

The opinion states the case.

*Roi Blake* and *Adams & Hillin*, all of Jasper, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The conviction is for assault with intent to rape; penalty assessed at confinement in the penitentiary for two years.

The record contains no notice of appeal. Article 827, C. C. P., requires such notice to be given "in open court" and "entered of record." The transcript in the present instance shows only a "docket entry" of the notice of appeal, which is not sufficient to confer jurisdiction upon this Court to consider the appeal. See Casey v. State, 32 S. W. (2d) 461; Bagley v. State, 70 S. W. (2d) 177. Therefore, upon the record before us, the appeal must be dismissed, and it is so ordered.

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

Appellant brings forward two bills of exception, which complain of the argument of counsel for the State. These bills set forth extended arguments made by counsel for the State, some of which appear to have been proper. The bills fail to single out the objectionable parts of said argument. The objections go to the entire argument. Under the circumstances, we must hold that such bills fail to reflect reversible error. We quote from 4 Texas Jurisprudence, 389, as follows: "A bill of exceptions complaining of the argument or remarks of the attorney for the State must, of itself, manifest the error complained of. Accordingly, it must set out as a fact that the language complained of was used and must point out the particular argument or language of which complaint is made, especially where it sets out extended argument, or where some of the remarks disclosed are proper. Insufficient also is a bill which complains of the argument as a whole, when a part of it is permissible and pertinent."

See Gray v. State, 5 S. W. (2d) 518, and McVicker v. State, 272 S. W. 166.

Appellant insists that the evidence is not sufficient to support the judgment of conviction. We are unable to agree with him.

It was charged in the indictment that prosecutrix, Tommie Ray Gilbert, was under the age of eighteen years and was not the wife of the appellant. Mrs. Bertha Caples, the mother of prosecutrix, testified that prosecutrix was approximately twelve years of age at the time of the commission of the alleged offense. She also testified that on the date of the alleged offense appellant had taken prosecutrix to the picture show. Prosecutrix testified to having started to the picture show with appellant and Allie Agnes Letney, who was approximately eleven years old at the time. She testified further that appellant told her that it was too early to go to the show, and that he was going for a ride; that he took her and her companion to the park; that after they reached the park appellant told Allie Agnes to get out of the car and go down the creek; that she (prosecutrix) and appellant were left alone in the car; that after Allie Agnes left appellant told her (prosecutrix) "he was going to do it;" that she told him that he could not. At this juncture we quote from the testimony of prosecutrix, as follows:

"Ralph Lucas was trying to do it to me. Ralph grabbed hold of me. I was crying and I tried to get up. I tried to get Ralph to leave me alone. Ralph used some ugly words. I have done said the ugly words that Ralph said. Ralph put his hands on my privates. Ralph put his finger in my private. I was crying. When Ralph said he was going to do it, I said he wasn't going to do it. Ralph stopped bothering me like that because I told him he had better, that I was going to tell it on him. I was crying and fighting Ralph. After Allie left it was about two minutes before Ralph bothered me. The first thing he did was push me down on the seat. Then Ralph said he was going to do it and I told him he wasn't and I began to fight him. When Ralph said he was going to do it he used an ugly word. That ugly word was 'f—k'. I knew what Ralph meant by that. I was crying and fighting Ralph off. Ralph put his hands on me and stuck his finger in my private. Ralph quit because I was crying and fighting him and told him I would tell on him if he didn't."

Allie Agnes Letney testified to having gone to the park with appellant and prosecutrix. Further, she testified that it was dark at the time and that appellant told her to take his flashlight and go down the creek. Again, she stated that after she returned to the car she, appellant and prosecutrix went to the picture show together.

Testifying in his own behalf, appellant denied that he had been to the park with prosecutrix. In short, his testimony constituted a denial of guilt. Appellant introduced a physician who had examined prosecutrix. His testimony was to the effect that there was no indication that her female organ had been penetrated in any manner.

We think the evidence is sufficient to have warranted the conclusion of the jury that appellant made an assault upon prosecutrix with the present intent to have sexual intercourse with her. See Douglas v. State, 132 Tex. Cr. R. 258, and Hightower v. State, 65 Tex. Cr. R. 323.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.