140

## PIERCE v. STATE.
### No. 24867.

Court of Criminal Appeals of Texas.
Oct. 18, 1950.

Alvin R. Allison, Earl R. Allison, Levelland, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

The appeal is from a conviction for the offense of possessing whisky for the purpose of sale in a dry area under complaint and information alleging, for the purpose of enhancing the punishment, a prior conviction for that offense. The jury assessed the punishment at a fine of $1125.00.

The evidence of the State is sufficient to sustain the jury's findings, and appellant offered no evidence or defense.

There are eight bills of exception which have been considered, the first seven of which relate to the court's rulings on evidence offered, and present no reversible error.

Appellant's brief is devoted to his Bill of Exception No. 8, which complains of the following rebuttal argument of the county attorney: "This case is going to you in just a few minutes and you will determine whether or not the defendant is guilty and, should you find him guilty of this offense, and if you should find that there is a prior conviction in this case, then you can assess a penalty, as the court has instructed you, of double the amount up to two (2) years in jail and a $2,000.00 fine. Gentlemen of the Jury, I leave it to you what this penalty should be, but remember, Gentlemen of the Jury, the people of Hockley County are entitled to have their liquor laws enforced, and I ask you at this time that we put that jail to the use over there for which it was intended."

In his brief, appellant directs his attack against that part of the argument quoted wherein the county attorney said "the people of Hockley County are entitled to have their liquor laws enforced, and I ask you at this time that we put that jail to the use over there for which it was intended."

It may be noted that appellant's punishment was assessed by the jury at a fine, and not a jail sentence.

But it is not necessary for this court to pass upon whether any particular part of the argument complained of was improper.

The bill complains of the whole of the argument set out therein and above quoted. It is apparent that at least the first part of the argument is not objectionable.

Bill of Exception No. 8 fails to single out any part of such argument, but complains of it as a whole. A part of the argument complained of being proper, the bill is insufficient to reflect reversible error. See Lucas v. State, 138 Tex.Cr.R. 277, 135 S.W.2d 720, 721; Moore v. State, 107 Tex. Cr.R. 287, 296 S.W. 308.

No error appearing, the judgment is affirmed.

Opinion approved by the Court.