plaint which fails to allege notification in writing of the time and manner such dipping was required to be done by the commission is fatally defective.

Appeal from Harris County Court at Law; Walter E. Monteith, Judge.

Joel Smith was convicted of violation of the Tick Eradication Act, and he appeals. Reversed and dismissed.

Love & Fouts, of Houston, for appellant.
E. B. Hendricks, Asst. Atty. Gen., for the State.

LATTIMORE, J. In this case appellant was convicted in the county court at law of Harris county, Tex., of a violation of the tick eradication act passed by the Thirty-Fifth Legislature, and on appeal brings his case before us for review. The facts need not be stated, as the case must be reversed and dismissed because the information and complaint are fatally defective.

Section 15 of chapter 60 of the General Laws of Texas enacted by the Thirty-Fifth Legislature (Vernon's Ann. Pen. Code Supp. 1918, art. 1284k) penalizes any person, company, or corporation owning, controlling, or caring for any domestic animal or animals located in any territory quarantined through the provisions of said act who shall refuse or fail to dip such live stock at such time and manner "as directed in writing by the live stock sanitary commission."

This clearly requires the state to allege and prove a notification in writing of the time and manner such dipping is required to be done by the live stock sanitary commission. An inspection of the complaint and information in the instant case discloses a failure to allege that the notification was in writing. This is fatally defective.

The case will be reversed and dismissed.

---

Ex parte JETTY. (No. 5379.)

(Court of Criminal Appeals of Texas. April 16, 1919.)

Appeal from Criminal District Court, Dallas County; R. B. Seay, Judge.

Habeas corpus by Arthur Jetty to obtain bail. From judgment remanding him to custody, relator appeals. Reversed, and bail granted.

Puckitt, Mount & Newberry, of Dallas, for appellant.
E. A. Berry, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator resorted to a writ of habeas corpus to obtain bail under a charge of murder, and the court, upon the hearing, remanded him to custody.

We have read the record, and do not purpose to discuss the facts, but have reached the conclusion that the court was in error in refusing bail. The judgment is reversed, and relator is granted bail in the sum of $3,000. Upon the giving of bond in the terms of the law the officer holding relator in custody will discharge him.

Reversed, and bail granted.