# MARCH, 1925.

### JOE NEWMAN v. THE STATE.

No. 8588.   Delivered January 7, 1925.

Rehearing denied March 4, 1925.

**1.—Possessing Intoxicating Liquor—Continuance—Absent Witness—Properly Refused.**

Where a motion for a new trial presents as a ground for same the absence of the wife of appellant, who is alleged to have been absent on account of the fact that she was about to be confined in childbirth, and the state controverts the truth of such allegation and evidence is heard upon the issue, the action of the trial court in passing upon it, and overruling the motion, will not be disturbed, unless an abuse of the discretion of the trial court is clearly shown.

**2.—Same—Res Gestae—Admissible.**

A statement made by appellant to the officers at the time of his arrest that the still, and barrels of mash, and whisky found in his barn belonged to him, was clearly res gestae, and was properly admitted in evidence. See Coburn v. State, 96 Tex. Crim. Rep., 25 and authorities cited.

**3.—Same—Argument—Bill of Exception—Not Considered.**

Where a bill of exception taken to the argument of counsel for the state, sets out in the bill the argument as a whole, it cannot be considered by this court. The bill should point out the particular remarks that were excepted to, and not leave it to this court to search through such a bill to discover if there be remarks to which objection might have been properly directed.

### ON REHEARING.

**4.—Same—Bills of Exception—Improperly Drawn.**

Where a bill of exception merely recites that "the witness over the objection of the defendant was permitted to testify as follows," and further alleges that the defendant then and there protested and excepted, it presents nothing for review to this court. A bill of exception should clearly state the grounds and reasons for the objection, and point out in a comprehensive way the error complained of, in order for this court to properly review the assignment of error.

Appeal from the District Court of Bosque County.   Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for possession of intoxicating liquor for purposes of sale, pentlay, one and one half years in the penitentiary.

The opinion states the case.

*Levi Herring,* for appellant.

*Tom Garrard,* State's Attorney and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Bosque county of possessing intoxicating liquor for purposes of sale, and his punishment fixed at one and one-half years in the penitentiary.

A still was found on appellant's premises near which was whiskey, and in appellant's barn was found 54 fruit jars of whiskey. Appellant stated to the officer who arrested him in his field that this was his whiskey and still.

Appellant's first and second bills of exception complain of the court's refusal to grant an application for a continuance and of the refusal of his motion for new trial based on the absence of said witness. The continuance was sought because of the absence of appellant's wife, it being alleged that she had never been summoned as a witness but intended to come and would have been present but for the fact that she was about to be confined in childbirth. This matter was controverted by the State and the testimony of a physician presented from which evidently the trial court concluded that the condition of the wife was not such as to preclude her attendance. We have gone into the matter carefully and are of the opinion that the action of the lower court reveals no abuse of his discretion. The physician testified that the wife lacked several months apparently from her statement and his observation, of reaching the period of delivery of the child, and was in such condition as that she could have come to court as a witness.

The third bill of exceptions complains of the admission in evidence of statements made by appellant to the officer who arrested him to the effect that the still and barrels of mash and whiskey in the barn belonged to him. In our opinion the statements made by appellant were res gestae. Coburn v. State, 96 Texas Crim. Rep. 25, and authorities cited.

The offense charged was possession of intoxicating liquor. The liquor was found in appellant's barn in close proximity to his residence. When found appellant stated that it was his and in substance that he had it for sale.

The fourth bill of exceptions complains of the address made by the special prosecuting attorney to the jury. The complaint is made of the remarks as a whole and the bill can not be considered in this condition. Most of the address of the attorney to the jury was clearly proper and this court will not attempt to glean through such a bill for the purpose of finding it there be remarks to which objections might have been properly directed.

Finding no error in the record, the judgement will be affirmed.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE—The offense charged was the possession of intoxicating liquor for purposes of sale. The proof showed beyond question the possession of a large quantity of whiskey by appellant. Coincident with the finding of the whiskey in his possession appellant, while under arrest, made statements regarding it and his manufacture of it and his sale of liquor. The bill of exceptions complaining of the reception of this testimony covers more than a page of the statements made by the officer as to what appellant said to him on that occasion. An examination of said bill discloses that at no place therein is there any statement of the ground of the objection. It is stated in the beginning of the bill that the witness Shannon "over the objection of the defendant" was permitted to testify as follows. There then follows the lengthy testimony at the conclusion of which appears the statement "To which action of the court in the admission of said evidence the defendant then and there protested and excepted, and here and now in open court tenders this his bill of exception, and prays that the same be signed," etc. If the objection was that the testimony was immaterial and irrelevant, it would be clearly the duty of the court to overrule it. We are left in the dark as to what the objection was. The bill in this condition presents no error.

Appellant attempts in his motion to differentiate this case on its facts, from those cited in support of our opinion. It will be very difficult to find cases in the books which do not differ from the facts of one at any time before the court. We have no doubt but that the offense of possession of intoxicating liquor for the purpose of sale, was made out by the testimony before the court.

Regretting our inability to agree with the contentions made, the motion for rehearing will be overruled.