LATTIMORE, Judge.
 

 Appellant was convicted in the Criminal District Court of Williamson county of manslaughter, and his punishment fixed at three years in the penitentiary.
 

 Appellant sought a new trial, in part, because he was absent from the court room during some of the proceedings. The motion was contested and the court heard evidence. We think the overruling of said motion not any abuse of the discretion of the learned trial judge. There is no dispute of the fact that if absent, same was voluntary on the part of appellant. He was on bail and is shown by the testimony to have been in the hallway adjoining the court room while the court was preparing his charge. Appellant introduced two witnesses to testify regarding this issue. Gossett said he came into the court room, passing appellant who was just outside the door. This witness said he heard Mr. Moody make to the jury the statement which is here relied on as the proceeding which took place in the
 
 *598
 
 absence of appellant. Gossett said he Would not undertake to say that appellant was out of the hearing of the judge and jury when Mr. Moody made this statement. On cross-examination he declined to say that appellant was not in the court room when the statement was made, but said he did not see him. He also testified that where Mr. Moody stood (apparently to make said statement to the jury) was about the same distance from the jury as the doorway just outside which he had passed appellant as he came into the court room. Mr. Wofford, appellant’s counsel, testified that Mr. Moody had agreed in open court to admit appellant’s general reputation, but that he had sent for two more witnesses on this point who had not arrived when the evidence had closed; that he and Mr. Moody had agreed that it might be stated to the jury that if said witnesses were present they would swear that appellant’s general reputation was good; that he started to make the jury the statement agreed upon between himself and Mr. Moody, but the court discovered that Mr. Moody was out of the court room and declined to allow witness to make the statement. He further stated that the agreement upon said statement had been made in the presence of appellant. Mr. Wofford gave it as his opinion that appellant was out of the court room when Mr. Moody came back and the statement was made to the jury, that is, — he testified he did not see him outside but did not see him inside, and judged he was outside. For some reason the appellant did not take the stand and testify whether he was inside or outside the court room. We observe that the record discloses no attack had been made on appellant’s reputation by the State and that five witnesses had given affirmative testimony that he bore a good reputation. The matter complained of as taking, place in the absence of the accused was that the district attorney stated to the jury that if two other named witnesses were present they would testify to appellant’s good reputation. We think the entire matter within the rules laid down in the case of Cartwright v. State, 259 S. W. Rep. 1085. The State having admitted appellant’s reputation, and he having shown it by five witnesses, we would have deemed it not material error if the court had declined to permit further testimony on the point, and are of opinion that the action of the district attorney in making the statement, even if had out of the actual presence and hearing of the accused, would not have been a matter of possible injury to appellant. However, we are not satisfied from the proof that appellant was not within the hearing and presence of the court and jury at the time the statement was made. If he was standing just outside the court room door, which was shown to have been within easy hearing distance of the jury, by the testimony, so that he could hear what was going on, this would have substantially complied with the law.
 

 
 *599
 
 The questions put to State witness O’Briant on redirect examination were improper, but since there was no issue made on the trial of the fact that appellant did the shooting, the matter of the identification of him by O’Briant as the party doing the shooting, woidd seem of no materiality. The same disposition would be made of the bill of exceptions complaining of the question propounded to said witness by the court calling for O’Briant’s best judgment as to who did the shooting, to which -witness replied he heard that it was appellant. This statement of the witness was but hearsay, and standing alone would be incompetent, but we note that the witness amended his answer by saying that it was his judgment that appellant was the party. He gave the same answer later, that is, stated that it was his judgment that appellant was the party. While appellant admits that he took the stand later and testified that he did the shooting, he here contends that he might not have seen fit to take the stand but for the answers made above, to which objection was made. Further examining the record, we observe that O’Briant said he went with the officer down to appellant’s house and when the officer asked appellant where was the gun he used, appellant said it was there on the bed, and it was found at said place. The officer testified that he asked appellant where the gun was that he used to shoot with. Another witness who was at the depot when the killing took place and Irnard the shot, swore that he heard same and looked at once and appellant was standing there with a shot gun in his hand. This appears to us to so sufficiently show appellant as the one who did the shooting as to suffice to call on him for an explanation wholly apart from the answers objected to.
 

 There is a lengthy bill to the argument of the district attorney complaining in solido of the entire argument. We do not perceive any part of it seriously objectionable, but if upon scrutiny any part of it should be deemed so, and there be other part of it which were permissible, a bill of exceptions complaining of it all would not be reviewable.
 

 We are not able to agree with appellant’s bill of exception complaining that the district attorney asked a certain witness testifying on behalf of appellant, if he was not a professional witness as to good character for negroes. If this fact be true it would be provable and affect the testimony of the witness.
 

 While appellant testified that just before he shot deceased the latter made a motion which induced him to believe that his life was in danger, the principal defensive issue was that the killing was caused by the insulting conduct of deceased toward appellant’s wife, rendering his mind incapable of cool reflection. This latter theory was evidently accepted by the jury and is reflected in their verdict of manslaughter. The discussion which was had, if any, in the jury room relative to the virtue or lack of it on the part of
 
 *600
 
 colored women, would seem to be based on tbe evidence relating to appellant’s wife and would not seem capable of injury to appellant in view of tbe fact tliat tbe jury accepted the theory that he was so enraged or aroused over the conduct of deceased toward his wife, as to reduce the killing to manslaughter. Nor could the discussion as to the scattering of shot from a shot gun, about which there was some discussion in the jury room, seem to inject the issue of misconduct on the part of the jury by the making of statements based on the personal knowledge of the jurymen, relative to an issue in the ease. 'We are unable to see how this discussion could have affected the guilt or innocence of appellant. Whether he was close enough to the deceased to cause the whole load from the shot gun to enter one place, or whether 'he was a little farther away so that the shot scattered, would not seem to us to materially affect his right of self-defense or to militate in any way against the jury’s acceptance of his testimony upon this point if they believed it true.
 

 We have carefully reviewed the various contentions raised by appellant and ably discussed in the brief, and being unable to accede to the correctness of same, the judgment will be affirmed.
 

 Affirmed.