A. S. MOORE V. THE STATE.

No. 10511. Delivered June 15, 1927.

1.—Murder—Evidence—Properly Admitted.

    Where, after an examining of one of his important witnesses, the State's Attorney asked said witness if she had not at a former time made statements in reference to declarations by appellant, directed to deceased, we cannot agree that such questions were an attempt on the part of the

state to impeach its own witness, but think the testimony elicited was relevant and material, and properly admitted.

## 2.—Same—Continued.

Nor was it error to permit the state to prove that when appellant was arrested he had liquor in his possession. Such possession was relevant and material as shedding light on the acts, conduct, and statements of the appellant.

## 3.—Same—Evidence—Showing Motive—Properly Admitted.

Where, on a trial for murder, the state's theory being that deceased was killed by appellant for his money, there was no error in permitting various witnesses to testify that on occasions not remote from that of the homicide, the deceased was seen in possession of a quantity of money.

## 4.—Same—Argument of Counsel—Bills of Exception—Rule Stated.

Bills of exception taken to the argument of state's counsel should set out such facts and surrounding circumstances as to show the pertinency of the objection presented, and should not be multifarious. See Rowan v. State, 97 Tex. Crim. Rep. 130; Greenwood v. State, 99 Tex. Crim. Rep. 160, and other cases cited.

Appeal from the District Court of Bexar County. Tried below before the Hon. O. M. Fitzhugh, Special Judge.

Appeal from a conviction of murder, penalty life imprisonment in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*C. M. Chambers*, District Attorney, and *Lamar G. Seeligson*, Assistant District Attorney; *Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, Judge. — Conviction of murder, punishment imprisonment in the penitentiary for life.

There are twenty-three bills of exception in the record. A number of them appear to be approved by bystanders. While we are in some doubt as to said bills, we have concluded to consider the bystanders' bills. Bills Nos. 1, 2 and 3 set out at great length exactly the same testimony of Mrs. Poteet. The testimony thus reproduced in each bill covers nine pages of the transcript. The particular matter complained of in bill No. 1 is that after the witness had given the testimony thus set out, the state's attorney asked her whether or not she had stated on December 25, 1924, when the defendant came up to where she and deceased were standing in the doorway he made the remark, "Oh you sons-of-bitches I will get you." This question

and its answer were objected to on the ground that it was an attempt on the part of the State to impeach its own witness. The witness denied having made the statement inquired about, but affirmed that some one in the hall near where she and deceased were standing, did make a statement somewhat similar to the one above referred to. She testified that appellant and some other parties were out in said hall. We do not think said bill presents any error. Bill No. 2, after setting out the same evidence of Mrs. Poteet, and the same question and answer which appear in bill No. 1, sets out further that she stated who was out in the hall with appellant when the remark testified to by her was made, the State's attorney asked her if she had not stated on December 25, 1924, when asked if when appellant came up and made the remark, "Oh you son-of-a-bitches I will get you," she had not answered, "No he didn't say 'you sons-of-bitches,' what was said in the hall was 'You son-of-a-bitch I will get you,'" and that thereupon upon cross-examination by the defendant's attorney she had answered: "I wouldn't say for sure it was Mr. Moore who made that statement, because I could be mistaken, and there were men up and down the hall, coming from their rooms, and going backwards and forth to their rooms." This testimony was objected to and motion made to strike it out on the ground that it was an attempt by the State to impeach its own witness, and that it was made outside the presence and hearing of the appellant and was highly prejudicial. We are not able to say that the testimony was not relevant and not material, nor is there anything in the bill showing that there was any effort on the part of the state to impeach its own witness. The bill does not present any error. Bill of exceptions No. 3 appears to be identical with bill No. 2 and presents no error.

Bill of exceptions No. 4 complains of proof of the fact that when appellant was arrested he had liquor in his possession. Such possession would appear to be relevant and material as shedding light on the acts, conduct and statements of the appellant.

The State's theory in the case was that deceased was killed for his money. By bills of exception Nos. 5, 6, 7, 8, 9, 10, 11 and 12 complaints are made of the testimony of various witnesses showing that on occasions and at times not too remote from that of the homicide deceased was seen in possession of a quantity of money. We think the testimony competent, and that none of the bills present error.

The remaining bills are to argument made by the attorney

for the state. Many of said bills present complaint of argument which is set out at length. We have carefully examined the argument complained of in each instance, as well as the requests presented to the court for instructions to the jury not to consider such arguments, and are of opinion that none of the bills of exception present error. It is well settled that bills of exception to argument deemed objectionable should not only set out specifically and pointedly the particular argument objected to, but such bill should also set out facts which negative the proposition of the reasonable pertinence of such argument and should show that such arguments are not supported by or based upon any evidence. Gonzales v. State, 88 Tex. Crim. Rep. 248. If such bill of exceptions sets out extended argument, that part of same deemed erroneous should be particularized and the bill should make it reasonably appear that the same is erroneous under the facts and circumstances of the particular case. Rowan v. State, 97 Tex. Crim. Rep. 130. The bill of exceptions complaining of argument should set out the surroundings and show such facts as that the lack of pertinence to any material issue in the case, as well as the injury of same, should appear in the bill. Greenwood v. State, 99 Tex. Crim. Rep. 160. A bill of exceptions which complains of argument, a part of which is permissible and pertinent and a part of which is improper, will not be held to present a complaint which can be supported by this court. Newman v. State, 99 Tex. Crim. Rep. 323; Nelson v. State, 99 Tex. Crim. Rep. 564. We believe each and all of the bills of exception relating to the argument in this case are violative of the general rules referred to in the cases mentioned and others.

Being of the opinion that none of the bills of exception herein present any error for which this case should be reversed, the judgment will be affirmed.

*Affirmed.*