## FRED MATHEWS v. THE STATE.

No. 13403. Delivered May 14, 1930.
Reported in 28 S. W. (2d) 164.

The opinion states the case.

*E. A. Camp* of Rockdale, and *E. A. Wallace* of Cameron, for appellant.

*A. J. Lewis,* Co. Atty. of Cameron, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for fifty years.

Appellant, who was a young man, had been meeting the daughters of deceased at night at a place near deceased's home. There was no evidence of any mistreatment of the daughters of deceased. On the occasion of one of these meetings appellant and some young men who had accompanied him were approached by deceased. According to the testimony of the state, appellant shot at deceased with a pistol and deceased shot appellant in the back with a shotgun. The version of appellant and his witnesses was to the effect that he did not fire upon deceased, but that deceased, without provocation, shot him in the back. Ill-feeling between appellant and deceased seems to have existed from the time last mentioned up until the day of the homicide. Appellant testified to threats on the part of deceased having been communicated to him. Some of his witnesses testified that deceased had threatened to kill him, and that they communicated the threats to appellant. On the occasion of the

homicide, deceased and appellant were in Cameron. Deceased was coming out of a store when appellant shot and fatally wounded him. The testimony of the state was to the effect that deceased made no demonstration; that he was unarmed; and that appellant shot him down in cold blood. Appellant's testimony was to the effect that deceased made a demonstration as if to draw a pistol, and that believing that deceased was going to carry into execution the threats he had made, he shot and killed deceased. The court charged on self-defense and threats.

Appellant proved by his witness Will Sammons, Sr., that deceased told the witness shortly prior to the homicide that he was going to kill appellant. The witness testified that he had communicated the threat to appellant prior to the homicide. On cross-examination, the district attorney propounded to the witness the following questions:

"As a matter of fact some time before this killing didn't you go to see Clint Burk and ask him to talk to Joe Nosch (deceased) and find out whether he had any hard feeling with you or your folks? And didn't Clint Burk come back and tell you that deceased was not wanting to bother anybody in the world if they would let his girls alone?"

Appellant objected on the ground that the testimony sought to be elicited involved a conversation and transaction between the witness and another person out of the presence and hearing of appellant. The district attorney, in answer to this objection, stated to the court that he was offering the testimony for the purpose of laying a predicate to impeach the witness. The objection was overruled, and the witness answered that he did not remember that Clint Burk said anything to him about the matter. Thereafter the district attorney called Clint Burk to the witness stand and propounded to him a question as follows:

"Did you tell Sammons that Hosch didn't want any more trouble and was not going to have any more trouble if these boys would stay away from his place and let his girls alone?"

Appellant objected on the ground that it was shown that he was not present; that if offered for the purpose of impeachment it was on an immaterial matter; and that it was introducing statements made by deceased to the witness in the absence of appellant and without his knowledge. The objection was overruled, and the witness answered that he had told Sammons that deceased did not want any more trouble and that deceased had said that he did not want any

more trouble. The court instructed the jury to disregard the statement that deceased had said that he did not "want any more trouble," but declined to withdraw from the jury the statement of the witness to the effect that deceased did not want any more trouble. Appellant was not present when the conversation inquired about was had, and it was not shown that the matter had ever been brought to his knowledge. The court qualified the bill of exception with the statement that he considered the answer of the witness as to what he had told Sammons admissible for the purpose of impeaching Sammons.

We have perceived nothing connecting the accused with the transaction between Sammons and Burk or Burk and deceased. The entire matter was an effort to impeach the witness Sammons upon matters entirely disconnected with and collateral to the inquiry. There was no contention that the accused had any information touching the matter. He was not aware that such conversation had taken place. The effect of the testimony touching the matter was to bring to the attention of the jury the alleged fact that after deceased had stated to Sammons that he was going to kill the appellant, he had made a statement in conflict therewith. This could not have failed to have been harmful, in that it communicated to the jury a material fact of which the appellant was not aware at the time of the tragedy. Hence we are constrained to hold that reversible error is presented.

The court charged on self-defense based upon threats. Appellant timely objected to the charge. We gravely doubt the sufficiency of the objection. However, it seems to have been appellant's intention to advice the court that the charge was too restrictive. It is observed that the charge required the jury to believe that deceased manifested an intention to execute a prior threat. In view of all the facts in evidence, the jury might not have believed any act done by deceased did manifest such intention. The question is not how it appeared to the jury, but how did it look to appellant? Dunne v. State, 263 S. W. 608.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.