W. J. NAUGLE v. THE STATE.

No. 14152.   Delivered May 13, 1931.
Rehearing Denied June 24, 1931.

The opinion states the case.

*J. E. Clark* and *Frazier & Averitte,* all of Hillsboro, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for twenty-five years.

It was alleged in the indictment that prosecutrix, Mary Marshall, was under the age of 18 years. She testified that she was 13 years of age. It was uncontroverted that appellant drove to the home of prosecutrix during her mother's absence, and advised prosecutrix that a lawyer (naming him) in Hillsboro wanted to see her. Accompanying appellant was Leonard Throckmorton, who drove with the parties to the scene of the offense. Touching her ride with appellant in his automobile and his

mistreatment of her, prosecutrix testified, in substance, as follows: Appellant urged her to let him take her to town to see the lawyer. She demurred, stating to appellant that she did not want to go without getting her mother's consent. Answering her, appellant stated that he would take her to her mother before driving on to town, in order that she might ask her mother if she could go. Prosecutrix entered the automobile, and appellant, instead of going by the home of prosecutrix's grandmother, where her mother had gone, drove out of town. Realizing that appellant was taking her into the country, prosecutrix began to scream. She tried to get out of the car. Appellant and his companion held her. After driving some distance, appellant stopped the car, pushed prosecutrix out, and forcibly took her into a field. She fought to her utmost. She begged appellant to desist, but to no avail. Overcoming her resistance, appellant had sexual intercourse with her. Appellant was drunk. He had a shotgun in the car. Two men approached while appellant was mistreating prosecutrix. An officer and another man approached and ordered appellant to release prosecutrix. Appellant refused to obey, and one of the men struck him on the head with a gun. Prosecutrix was released. Appellant had torn her clothing practically off of her.

The two men who first approached the appellant and prosecutrix testified that they saw appellant with his arm around prosecutrix's neck; that he took her down the road, she begging appellant to release her; that prosecutrix asked the witnesses to rescue her from appellant; that they immediately reported the matter; that before reaching the scene they had heard prosecutrix scream. The officer and his companion testified to having rescued prosecutrix from appellant. The torn clothing of prosecutrix was introduced in evidence. The physician who examined prosecutrix testified that she had been penetrated.

Appellant did not testify in his own behalf, but sought to prove that prosecutrix was of previous unchaste character. He offered a witness who testified that he had spent the night with prosecutrix in a shed. This witness declined to say whether he had sexual intercourse with prosecutrix. Other witnesses for appellant testified that they had seen prosecutrix in automobiles at night in the company of men.

Affirming her previous chastity, prosecutrix declared that appellant alone had had sexual intercourse with her.

Appellant urges in his brief that his right of examination of the members of the special venire on their voir dire was unduly restricted, his position being that the questions he sought to propound to the individual members of the venire were calculated to elicit information which, if not affording sufficient ground of challenge for cause, would have better enabled him to properly exercise his peremptory challenges. He now seeks to invoke the principle that the right to appear by counsel, guaranteed by the Bills of Rights, carries with it the right of counsel, within

reasonable limits, to examine each juror individually in order to prepare himself for the intelligent exercise of the peremptory challenges allowed him by statute. See article 1, section 10, Constitution of Texas; article 3, C. C. P.; Plair v. State, 102 Texas Crim. Rep., 628, 279 S. W., 267; Holland v. State, 107 Texas Crim. Rep., 582, 298 S. W., 898. The rule contended for is correct, but appellant has failed to bring himself within its operation.

Looking to bills of exception Nos. 1 to 6, inclusive, which relate to the matter under discussion, we find nothing that apprises this court that counsel was denied the right to examine each juror individually, or that he was unduly curtailed in his right of examination. The bills show that the jurors were examined individually, and simply reflect the ruling of the court in regard to the questions embraced in the several bills. Thompson on Trials, Second Edition, vol. 1, sec. 102, states the rule as follows: "Hypothetical questions, that is, questions as to what the juror would or would not decide in a supposed state of the evidence, are not allowed."

This rule was approved in Houston v. State, 83 Texas Crim. Rep., 190, 202 S. W., 84. An examination of said bills Nos. 1 to 6, inclusive, discloses that the several questions which were not allowed by the court are purely hypothetical, seeking to have the prospective jurors say what their attitude would be under certain conditions, and how they would weigh certain testimony as opposed to other evidence. We think the court clearly within his discretionary rights in excluding the questions.

Bill of exception No. 8 shows that one of the talesmen was informed that the evidence would show that appellant was drunk or intoxicated at the time of the alleged offense, and that taking the matter personally was he ordinarily prejudiced against a man who drinks or gets drunk. The proposed juror was not permitted to answer the question. We think in this respect the court fell into error, but the bill is defective in that it fails to show that the talesman served on the jury at all.

Bills of exception Nos. 10 and 12 relate to the same subject matter. As disclosed by said bills, after counsel for appellant had elicited from prosecutrix on cross-examination that she had stated to the county attorney shortly after the commission of the offense that appellant did not penetrate her because he was too drunk, and, further, that after making said statement she was examined by Dr. Garrett, the state asked the witness, over appellant's objection, in substance, whether she made the same statemen to Dr. Garrett that she had given on the witness stand on the trial of the case. The answer was in the affirmative. Thereafter, Dr. Garrett was called to the witness stand by the state and testified, in substance, over appellant's objection, as to the statement made by prosecutrix to him when he examined her. This statement was consistent with the testimony given by prosecutrix on the trial. Appellant, having required prosecutrix

to testify to a declaration she had made out of court which was inconsistent with her testimony upon the trial, it was proper for the state to support her in the manner disclosed by the bills of exception. In his Annotated Texas Penal Code, sec. 181, Mr. Branch states the rule as follows: "Where a state's witness is attempted to be impeached by showing that he has made statements with reference to the transaction out of court different from and contradictory to his testimony delivered on the present trial, it is not error to permit the state to support the witness by showing that shortly after the transaction, and before any motive or inducement existed to fabricate, he made statements of the matter similar to his testimony delivered on the trial."

We deem the testimony within the rule announced by the decisions. Holland v. State, 110 Texas Crim. Rep., 384, 10 S. W. (2d) 561; Wilson v. State, 111 Texas Crim. Rep., 134, 11 S. W. (2d) 803; Taylor v. State, 87 Texas Crim. Rep., 330, 221 S. W., 611; Johnson v. State, 42 Texas Crim. Rep., 377, 60 S. W., 48.

Bill of exception No. 11 presents the following occurrence: On cross-examination appellant elicited from prosecutrix that she had testified on a habeas corpus hearing involving the transaction out of which the indictment grew; that thereafter she went to the state of Oklahoma; that since her return from Oklahoma she had been in jail and was in jail at the time of the trial; that she was under indictment charging her with a felony. On redirect-examination the state propounded to the witness a question as follows: "Now then, counsel asked you about your being in jail and having gone to Oklahoma, just tell the jury how that came about?"

Appellant objected to the question on the ground that it was not shown that he was responsible for the witness having gone to Oklahoma and that it would be inflammatory and prejudicial for said witness to give her reasons for having gone to said state. The court overruled the objection with the statement that the witness, being under indictment, would be permitted to tell the jury why she went away. Answering the question, prosecutrix testified, in substance, that Charlie Lee had carried her to Oklahoma; that her mother and sister had accompanied them; that neither her mother nor her sister furnished the money for the trip; that she did not know who furnished the money; that she did not intend to remain in Oklahoma, but expected to return to Hillsboro; that it was not her purpose to absent herself in order that she might not be called upon to testify in the trial of appellant's case. The testimony elicited from prosecutrix by appellant on cross-examination was calculated to lead the jury to believe that she had left the state immediately after the habeas corpus hearing for the purpose of evading the process of the court, and that her reason for so absenting herself was that appellant was not guilty of the offense she had charged him with. It was evidently the

purpose of the state in having the witness to explain her reasons for going to Oklahoma to remove the reflection carried in the questions propounded to the witness by appellant. We deem the testimony admissible under the provisions of article 728, C. C. P., which reads as follows: "When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as, when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

In his brief appellant complains of the refusal of the court to permit him to withdraw his announcement of ready. We find in the transcript a written motion wherein it is averred that one of appellant's witnesses who would have given material testimony (the testimony being set out in the motion) had left the court during the trial and that appellant and his counsel were unable to find the witness. It is stated in the motion that the witness had been duly served with process. Nowhere do we find a bill of exception relating to the refusal of the court to grant the motion. In the absence of a bill of exception this court is not authorized to review the matter. Texas Jurisprudence, vol. 4, p. 211; Stovall v. State, 112 Texas Crim. Rep., 230, 16 S. W. (2d) 242.

Appellant timely and properly presented the following requested instruction: "You are instructed that if you should have a reasonable doubt as to whether the prosecuting witness, Mary Marshall, was of chaste character prior to the alleged offense involved in this case, and if you should further have a reasonable doubt as to whether at said time she was above the age of 15 years, you will acquit the defendant of the offense of rape."

Prosecutrix testified that she was 13 years of age. We find no testimony in the record controverting her statement as to her age. Hence the charge was properly refused.

The following written instruction was timely and properly presented to the court: "You are instructed that under no circumstances can you convict the defendant of rape unless you should find and believe from the evidence beyond a reasonable doubt that the defendant at the time actually penetrated the female organ of the prosecuting witness, Mary Marshall, and if you should have a reasonable doubt from all the evidence in this case you will acquit the defendant of the offense of rape."

Appellant contends that the foregoing charge should have been given because of the fact that the testimony showed that appellant was drunk before reaching the home of prosecutrix and that he drank an additional full pint of whisky before committing the assault. Further, he contends that prosecutrix's statement made out of court to the officers that appel-

lent did not penetrate her because he was too drunk raised the issue sought to be submitted in the requested charge. It is observed that in the general charge the court instructd the jury that it was necessary in order to constitute rape that penetration be shown. After defining rape, and applying the law to the facts, the court instructed the jury as follows: "You are further charged that unless you believe from the evidence in this case beyond a reasonable doubt that the defendant, W. J. Naugle, as charged in the indictment, in the County of Hill and State of Texas, did on or about the 9th day of May, have carnal knowledge of the said Mary Marshall, and that he penetrated her female organ with his male organ, and that the said Mary Marshall was a female and not the wife of the said W. J. Naugle and was then and there under the age of 18 years you will acquit the defendant of rape. If you have a reasonable doubt as to whether the defendant was guilty of rape, as that term is defined in this charge, you will acquit him of this offense, and next consider whether the defendant is guilty of assault with intent to rape."

After giving the foregoing charge the court defined assault with intent to rape, and applied the law to the facts. Thereafter an instruction on aggravated assault was embraced in the charge. Without deciding whether the issue contended for by appellant was raised, the opinion is expressed that the court's main charge contained an adequate affirmative instruction to the jury to acquit appellant of rape if they had a reasonable doubt that he penetrated the female organ of prosecutrix.

In his argument to the jury private prosecutor used language as follows: 'He was so damnably licentious, so damnably depraved that he not only penetrated her female organ but her rectum, and committed one of the most damnable crimes known to mankind."

Appellant objected to the argument, and the court instructed the jury not to consider the remarks of prosecutor. Prosecutrix testified without objection that in addition to penetrating her female organ, appellant inserted his male organ into her rectum. Hence it appears that the statement that such was the fact is supported by the evidence. Moreover, the testimony on the part of the state supports the statement that appellan was licentious and depraved. If the remark that appellant committed one of the most damnable crimes known to mankind was improper, attention is called to the fact that appellant's objection went to the argument as a whole, when part of it was permissible and pertinent. It is the rule that a bill which complains of the argument as a whole, when part of such argument is permissible, is insufficient to present error. Texas Jurisprudence, vol. 4, page 390; Moore v. State, 107 Texas Crim. Rep., 287, 296 S. W., 308.

Other remarks on the part of private prosecutor were as follows: "Now they say she went to Oklahoma. The record shows that before

she went to Oklahoma she appeared here and testified on the habeas corpus hearing. Counsel for defendant sat here and had her testimony on the habeas corpus hearing in his hands, and he tried in a few instances to show that she had made contradictory statements in that testimony and her testimony here now on the stand, but he never at any time read from the book to show you that she had done so. He says she is now under indictment for accepting a bribe. To do what, to go to Oklahoma, Why? To get her out of the way as a witness in the Naugle Case. Somebody was interested. Somebody carried her out there. Why?"

The bill of exception (No. 16) merely sets out the argument complained of and appellant's objections thereto. The connection in which the language was used is not shown. None of the surrounding circumstances are recited. Such peritnent facts as are necessary to enable this court to determine whether an error was committed, and, if so, whether it is of such a nature as to authorize a reversal, should have been embraced in the bill. The bill is manifestly insufficient. Texas Jur., vol. 4, page 391; Bryant v. State, 109 Texas Crim. Rep., 32, 2 S. W. (2d) 846; Ferguson v. State, 95 Texas Crim. Rep., 212, 253 S. W., 290; Moore v. State, 107 Texas Crim. Rep., 287, 296 S. W., 308. If the statement of facts should be consulted, it is observed that the testimony supports the statement in argument that prosecutrix went to Oklahoma after she had testified on a habeas corpus hearing, and, further, that she was under indictment for accepting a bride. Reference to such matters was unquestionably proper. Appellant interposed objection to the remarks as a whole. He should have singled out the objectionable remarks with the request that they be withdrawn from the jury. Instead of doing this, he objected on the ground that the argument was "prejudicial and inflammatory."

A careful examination of appellant's contentious leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the light of appellant's motion for rehearing we have again considered his complaints based on the refusal of the trial court to allow him to ask each venireman the questions appearing in his bills of exception Nos. 1 to 6 inclusive, and are of opinion that none of his contentions are sound. We quote the question asked, as set out in his bill of exception No. 6, as illustrative: "The prosecutrix will testify, so we assume, that she had never before on any other

occasion been penetrated by any other person than the defendant on the occasion in question, in other words, never had sexual intercourse with any other man. Now should it develop on the trial of the case that at sometime the prosecutrix had been penetrated, but as to whether the defendant penetrated her or some other man, the defendant will offer testimony to the effect that she had been penetrated by some other man and that will in part depend upon circumstantial evidence, facts and circumstances that will support the supposition that she had had intercourse with other men. Are you so prejudiced against circumstantial evidence that you cannot take into consideration, or do you believe that strong facts and circumstances, notwithstanding she says she didn't, could be strong enough to show that she was mistaken?"

Little analysis would seem needed to make plain the fact that no juror could give answer intelligently to such hypothetical inquiry.

We believe that the expression used in our original opinion, in discussing bill of exception No. 8, viz: that said bill fails to show what the answer of the juror would have been to the question asked, should not have been used, and same is withdrawn from said opinion. However, since it is not shown that the talesmen to whom the question was propounded, sat on the jury in the trial of the case, the error, if any, of sustaining the state's objection to said question, could not avail appellant. The authorities cited by Mr. Branch in section 543 of his Annotated P. C. all sustain the proposition that it must be shown that, as a result of the alleged error of the court in the matter complained of, the juror in question or some objectionable juror was forced on the accused. In his motion for new trial appellant sets up that the court refused to let him ask the same question here involved of the other talesmen, but there is nothing in bill of exception No. 8 or elsewhere in the record to support this contention.

Appellant again urges that the case should have been continued for the absence of his witness Baker. We find in the record what appears to be an application for such continuance made after the trial began, but if such application was ever presented to the trial court for action until in the motion for new trial, such fact does not appear from the record. No bill of exception presents the alleged error of such refusal to continue. This is always held necessary. See cases cited in subdivision 6 of the notes to article 667, Vernon's Annotated C. C. P.; Gray v. State, 100 Texas Crim. Rep., 195; Payne v. State, 100 Texas Crim. Rep., 241, 272 S. W., 788.

We have uniformly held that where there appears no controversy as to the facts that the female involved in a case of rape is under fifteen years of age at the time, the law applicable does not call for the submission to the jury of the question of her previous unchaste character.

We think the argument, complaint of which is renewed in the motion

for rehearing, not of such wrongful character as to call for reversal. The motion for rehearing will be overruled.

*Overruled.*