Opinion approved by the court.

ADOLPH MARTIN V. STATE.

No. 24603. January 18, 1950.
Rehearing Granted February 22, 1950.

*Enoch G. Fletcher,* Grand Saline, for appellant.

*Tom H. Prestridge,* County Attorney, Canton, and *George P. Blackburn,* State's Attorney, Austin for the state.

GRAVES, Judge.

Appellant was convicted of a violation of the liquor laws in

a dry area, and by the jury assessed a penalty of one year in the county jail.

The uncontradicted testimony shows that two witnesses saw appellant sell a bottle of whiskey; and there was no denial thereof nor any effort made to show aught to the contrary, no testimony being offered by appellant.

Bill of Exceptions No. 1 relates to the motion for a new trial and its overruling by the trial court, and same will not be considered as a bill.

Bill No. 2 relates to the argument of the county attorney wherein he is alleged to have addressed the jury as follows:

"Gentlemen of the Jury, I want to ask something of you. We must have some jail terms. This bootlegging in Van Zandt County will go from day to day unless you assess a jail term. The only way to stop it is to give this defendant a jail term. You have to assess a jail sentence."

We think this bill is deficient in that it does not show that such argument was reasonably pertinent to any material issue in this cause. We see no error shown therein. See Moore v. State, 107 Tex. Cr. R. 287, 296 S. W. 308; Jetty v. State 90 Tex. Cr. R. 346, 235 S. W. 589; Anderson v. State, 83 Tex Cr. R. 276, 202 S. W. 953; Ex parte Jetty, 211 S. W. 945.

Bill No. 3 relates to a statement by the county attorney to the jury wherein it is alleged that he said:

"The Sheriff has told you that he did see the defendant sell this whiskey to A. D. Owens."

Whereupon appellant's attorney objected as follows:

"To which remark the defendant objected on the ground that the bottle had not been offered in evidence and that there was not sufficient proof that the contents was whiskey and that there was not sufficient evidence that the bottle which was in the view of the jury was the same bottle that the witness had *been* defendant hand Owens."

The court then remarked: "Mr. Elliott did identify this bottle and it is in evidence."

The testimony herein is short, the statement of facts occupy-

ing about one page in the record. After the deputy sheriff had testified that he and the sheriff secreted themselves near appellant's house, he further said:

"While I was lying down by the fence I saw one A. D. Owens go in at defendant's back door. I saw the defendant go to his ice box and take out a bottle and deliver it to the said A. D. Owens. I then saw Owens hand the defendant something. Yes, this is the bottle I saw the defendant deliver to Owens. It is a pint bottle of whiskey."

On cross examination by counsel for the defendant the witness Maxwell testified:

"No, I did not open the bottle. It has not been opened. I did not taste its contents. I did not smell its contents. It looks like whiskey. It is whiskey, and is so tax paid and labeled."

Again, Sheriff Clyde Elliott, after explaining his presence at the appellant's house, testified as follows:

"I went to the S. W. side of the house. I stood by the window on the S. W. side of the house. I saw A. D. Owens come in at the back door of defendant's house. I saw the defendant go to the ice box and take out a this pint bottle. It is whiskey. I saw A. D. Owens pay the defendant for it."

On cross examination by counsel for the defendant the witness Elliott testified:

"No, I did not open the bottle. No, I didn't smell of the contents of the bottle. No, I didn't taste the contents of the bottle. It looks like whiskey. No, the bottle hasn't been opened."

The testimony is uncontroverted throughout that both the sheriff and his deputy saw this sale, and that the article delivered by appellant was whiskey. There was no contest thereof, and the incidental remark of the trial court could not possibly have had any bearing on the matter before the jury, nor was there any disagreement relative to the correctness of the statement of the county attorney.

We do not think such a remark of the judge could have operated in any way to prejudice appellant before the jury. See Rodriguez v. State, 23 Tex. Cr. App. 503, 5 S. W. 255; Dipple v. State, 109 Tex Cr. R. 339, 4 S. W. (2d) 565. See also Vernon's Ann. Tex. C. C. P., Vol 2, Art. 707, and annotations thereunder.

Appellant complains of the severity of the verdict. The law provides for a punishment of one year in the county jail, and we have no authority to change such law.The punishment being one provided by law, we see no merit in appellant's contention.

Finding no error shown herein, the judgment is affirmed.

### ON MOTION FOR REHEARING

BEAUCHAMP, Judge.

The questions raised on original submission were properly disposed of in the opinion. On motion for rehearing our attention has been called to a defect in the judgment which is not in compliance with Article 784 of the Code of Criminal Procedure.

The effort to write the judgment, shown on page 10 of the transcript, recites that the case was called for trial; that both parties appeared and announced ready; that defendant pleaded not guilty; that a jury of six men was selected and sworn; that they heard the information read and the plea and, after hearing the evidence and the charge of the court, retired to consider of their verdict. Thereafter they returned a verdict which says: "We, the jury find the defendant Adolph Martin guilty as charged in the information and assess his punishment at one year in jail. (Signed) L. C. Groves, Foreman."

Article 784 of the Code of Criminal Procedure reads as follows: "If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases." The purported judgment before us does not attempt to comply with the statute. It is no judgment at all. This court has frequently reformed judgments which failed in some respects to be entered in accordance with the jury's verdict, but the power to reform does not carry with it the power to enter a judgment. Only the trial court can do that. See Ex parte Leachman, 150 Tex. Cr. Rep. 145, 199 S. W. 2d 661.

A proper order would have been for this court to dismiss the appeal until a final judgment has been entered. Appellant's motion for rehearing is granted and the appeal is now dismissed.