## ADOLPH MARTIN V. STATE.

No. 25063. December 20, 1950.
Notion for Rehearing Denied (Without
Written Opinion) March 14, 1951.

*Enoch G. Fletcher,* Grand Saline, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for possessing whiskey in a dry area for the purpose of sale, and the jury assessed his punishment at one year in jail. His appeal from such conviction was dismissed for want of a proper judgment in our Cause No. 24,603. See Martin v. State 154 Tex. Cr. R. 302; 227 S. W. 2d 213.

After receipt of the mandate dismissing the appeal, the trial court, on March 24, 1950, entered its order upon the state's motion, for entry nunc pro tunc of a judgment actually rendered by said court in said cause on June 7, 1949, but not entered in the minutes of the court.

Notice of the hearing on the state's application was served upon appellant, and upon the court's ordering the judgment entered he filed his motion for new trial in which he raised some of the questions previously raised as well as his contention that the court was not authorized to order the entry of judgment nunc pro tunc. This appeal is from the conviction as evidenced by the judgment entered nunc pro tunc.

The trial court had the power and duty to direct the entry in the minutes of the court, a true record of the judgment he

had rendered. See Bennett v. State, 80 Tex. Cr. R. 652, 662, 194 S. W. 145.

In the absence of a showing to the contrary, we must presume that the judgment as entered nunc pro tunc on March 24, 1950, was in fact rendered on June 7, 1949, such being the finding of the trial judge.

Other questions raised on this appeal were decided against appellant's contention in our original opinion on the former appeal, prior to our attention being called to the absence of a proper judgment in the record.

We now refer to such opinion on said former appeal and adhere to the conclusions there reached. See Martin v. State 154 Tex. Cr. R. 302; 227 S. W. 2d 213. We note, however, that in disposing of Bill of Exception No. 2, the opinion says that the bill of exception is deficient in its failure to show that the argument complained of "was reasonably pertinent to any material issue.." We intended to say "was *not* reasonably pertinent" to any such issue.

No error appearing, the judgment is affirmed.

Opinion approved by the court.