# FEBRUARY, 1947

### DAVID O. ANDREWS V. THE STATE.

No. 23527. Decided January 8, 1947.
Rehearing Denied February 19, 1947.

96

*H. R. Bishop,* of Fort Worth, for appellant.

*Alfred M. Clyde,* Criminal District Attorney, of Fort Worth *Fred Stockdale,* District Attorney, of Haskell, *Ardell M. Young* and *W. E. Myres,* Assistant Criminal District Attorneys, both of Fort Worth, and *Ernest S. Goens,* State's Attorney, of Austin for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a period of two years and six months.

The record reflects that in the late afternoon of Februar

11, 1946, appellant left Ft. Worth in an automobile and drove out on Highway 199 and went to Azle. On his way out there he sideswiped an automobile and then ran head-on into a tree at a package store. On his way back to the city of Ft. Worth, he drove his automobile into that of Robert Sidley Lee, who, with his wife and his sister, Mrs. Irene Tonn, were on their way to Munday to attend the funeral of Mr. Lee and Mrs. Tonn's father. As a result of this collision Mrs. Tonn was killed, Mrs. Lee was seriously injured and crippled for life, while Mr. Lee and appellant sustained minor injuries. Mr. and Mrs. Lee were carried in an ambulance to a hospital. Mrs. Tonn and appellant were in another ambulance. Mrs. Tonn was lying on a stretcher while appellant was sitting on a seat beside her. Mr. Johnson, at the request of the ambulance driver, accompanied him to the hospital. On the way to the hospital, appellant put his face over that of Mrs. Tonn and apparently was trying to embrace her. Mr. Johnson observed it and reprimanded him therefor. After they had carried the deceased and appellant to the hospital, he referred to Mr. Johnson as a s-n of a b----, whereupon Johnson slapped him.

The State's evidence shows that on the occasion in question appellant was drunk, or at least considerably under the influence of intoxicating liquor.

Appellant's first contention is that the evidence is insufficient to show that Mrs. Irene Tonn died as a result of the injuries which she received in the collision. With this contention we do not agree. The evidence shows that her brother (Mr. Lee) was driving the coupe, that his wife was sitting in the middle and Mrs. Tonn was on the right-hand side of the seat; that appellant with his car struck the right-hand side of Lee's coupe and forced the door against the body of Mrs. Tonn; that when she was taken from the battered coupe she was apparently dead. She was laid on the ground and within a short time was carried to the hospital in an ambulance, but she never spoke a word or moved any part of her body; that when they arrived at the hospital it was definitely determined that she was dead. The evidence further shows that she was in good health before and about the time of the collision; that immediately after the accident and while she was lying on the ground there was bloody froth coming out of her mouth. This condition indicated that she received internal injuries which resulted in her death.

We deem the evidence sufficient upon which the jury could reasonably base their conclusion that she died as a result of the collision.

Bill of Exception No. 2 reflects the following occurrence: While the witness, Frank L. Bailey, was tesifying, the District Attorney asked him whether or not he had ever smelled the breath of people who had been drinking alcohol or whisky, to which the witness replied that he had. Thereupon, he propounded to the witness the following question: "With reference to the odor, what was the smel¹, if anything?" To which appellant objected on the ground that the witness had not qualified. The court overruled the objection and the witness replied, "It smelled like alcohol, sir." The court qualified this bill and in his qualification states that the defendant testified on direct examination by his own counsel that he had drunk both beer and whisky. The bill as qualified was accepted by appellant, and as qualified, it fails to reflect any error. The rule seems to be that when evidence is admitted without objection which is of like character as that objected to, no error is shown. See Sparkman v. State, 82 S. W. (2d) 972; McLaughlin v. State, 109 Tex. Cr. R. 307; Williams v. State, 182 S. W. (2d) 715, and cases cited.

Bill of exception No. 3 reflects that while the ambulance driver was testifying at the instance of the State, he was asked if there was any commotion or trouble in the ambulance while going to the hospital. Appellant objected thereto on the ground that it was no part of the res gestae; that it was after the commission of the alleged offense. The objection was overruled to which appellant excepted. The witness replied that there was really no commotion or trouble, whereupon the District Attorney inquired of him if there was any difficulty between defendant and anyone in the ambulance, to which the witness replied, "Well, Mr. Johnson spoke harshly to him." "Q. What did he say to him?" To which appellant objected on the ground that it was the act of a third party over which he had no control. The objection was sustained by the court, whereupon the District Attorney inquired of the witness as to what, if anything, the defendant did in the ambulance. To which appellant objected on the ground that it was not any part of the res gestae. The objection was overruled and he excepted. The witness replied that defendant "had his face over the face of the body of Mrs. Tonn and was making objectionable moves and gestures that we asked him to stop, and it seemed to us that he was trying to embrace the lady." We see no such error reflected by the bill as would call for a reversal of this case. This evidence was admitted on the theory that it was a circumstance showing that appellant was intoxicated. A person in possession of his normal mental faculties would not do such act.

By Bill of Exception No. 4 appellant complains of the testimony given by Mr. Johnson to the effect that after they arrived at the hospital and after he had taken appellant to a room and placed him on a table, one of the nurses passed and he reached for her. The court admitted this testimony on the theory that it was a circumstance showing that the defendant was intoxicated. It occurs to us that the objection went more to its weight than to its admissibility.

Bill No. 5 shows that appellant objected to a certain interrogatory propounded to him by the District Attorney which the court promptly sustained before the witness made any reply and then instructed the jury not to consider it for any purpose. This bill, in our opinion, is without merit, and we see no need for an extended discussion thereof.

Bill of Exception No. 6 shows that the District Attorney, on cross-examination of appellant, propounded to him the following question: "You don't remember when you were down over Mrs. Tonn when she was dead and in the ambulance, and trying to feel her over and make love to her, do you?" To which he replied that he had a faint recollection, and further testified, "I remember, seems like that I was. I don't know like if a man has got any conscience at all and he is addled, he is liable to say and do that which he would not do otherwise." It occurs to us that this evidence was admissible on the issue as to whether or not appellant was intoxicated. A man with his normal faculties would hardly do what the testimony shows he did.

Bill No. 7 reflects that after appellant had testified as shown in Bill of Exception No. 6, the District Attorney remarked: "You do that when you are drunk, too?" To which appellant replied, "I wouldn't say that I was ever drunk." "Q. Have you ever been drunk in your life? A. Well, I may have." "Q. Did you admit that you were drunk in Mineral Wells in October, 1941?" At this juncture appellant again objected. The court promptly sustained the objection and instructed the jury not to consider for any purpose either the question or the answer. Under the circumstances here disclosed, it is our opinion that no reversible error is shown.

By Bill of Exception No. 8 complaint is made of the following remarks made by the District Attorney in his argument to the jury:

"I don't know whether he is married and has any children or not, but if he does, why didn't they testify in this case that their father and husband has a good reputation and is a good provider, kind and considerate in his home to them."

Appellant objected to the entire argument on the ground that it was not a logical deduction from the testimony and was not in reply to any argument by counsel for defendant; also that it was not provoked or invited by either the defendant or his counsel. The court, in his qualification of the bill, states that the testimony did show that appellant was married and had grown children; that neither his wife nor any of his chlidren testified, but that other witnesses did testify to his reputation; that counsel for appellant in his argument to the jury referred to the fact that he was married and had children, and discussed at length his good reputation. This bill, as qualified, shows that the argument was based partly upon testimony adduced upon the trial. Therefore, appellant should have distinctly pointed out the objectionable part of the argument and addressed his objection thereto. See Nelson v. State, 99 Tex. Cr. R. 564; Terry v. State, 141 Tex. Cr. R. 585; Lucas v. State, 135 S. W. (2d) 720, and cases cited.

Bill of Exception No. 9 complains of the following remarks by the Assistant District Attorney in his argument to the jury:

"Now, have you ever expressed to anybody, to Mr. Lee or Mrs. Lee, that poor woman that lay up here on the stretcher this afternoon, or to the husband of Mrs. Tonn that was killed out there in the accident, one word of regret or remorse for anything that happened out there that night?"

Appellant objected thereto on the ground that the question called for an answer which would not be admissible; that it shed no light on any issue, and was irrelevant and highly prejudicial. The court sustained the objection and instructed the jury not to consider for any purpose either the question or any reply therto. It was improper for the prosecuting attorney after the close of the evidence, in his argument to the jury, to abandon the argument and begin to propound questions to the accused. If this was permissible, the District Attorney may forego the cross-examination of the defendant and then in his argument begin to propound questions. Such is a departure from the proceedings provided by Art. 642, C. C. P. Since the court instructed the jury not to consider the question for any purpose, it occurs to us that the harmful effect thereof, if any, was withdrawn.

However, we do not wish to be understood as approving the character of argument here complained of. The purpose and object of arguments are to discuss the evidence and to assist the jury in arriving at a proper conclusion of the case from all the facts and circumstances proven. Improper implications or vilifications are not conducive to the attainment of that object. We have time and again called attention of the prosecuting attorney to the danger of departing from legitimate argument as it may result in great harm to the accused which will in such instance require a reversal of the case. But we do not believe that under the facts of the present case the argument herein complained of had any evil effect upon the jury to the prejudice òf the appellant.

Perceiving no error in the record before us, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion and contends that in order to properly evaluate his Bill No. 9, it is necessary to take into consideration Bill No. 5 at the same time.

Bill No. 5 is concerned with a question propounded to appellant while on cross-examination as to whether he had expressed one word of regret or remorse for anything that happened at this scene where Mrs. Tonn lost her life and Mrs. Lee was injured. An objection to such question was immediately sustained by the court and the jury instructed to disregard the same. However, according to Bill No. 9, the District Attorney, in his argument to the jury, stated as follows:

"The defendant, in all his testimony as a witness in this case, never did at any time express any sympathy or made mention of the fact that he was sorry for the damage he had done, and of the killing of Mrs. Tonn, and of the injury suffered by the poor woman who testified here to you from a stretcher."

At this point the defendant's attorney immediately objected to the statements made and the court sustained such objection

and instructed the jury not to consider the same for any purpose. The trial court also qualifies the bill with the following statement:

"The defendant did (not) testify as a witness in the case, and did not at any time during his testimony express any sympathy or make mention of the fact that he was sorry for the damage he had done, or of the killing of Mrs. Tonn, or of the injuries suffered by Mrs. Lee, except as shown in Statement of Facts, and counsel for the defendant had, in his argument, discussed the defendant's good reputation and had stated that the defendant would not have voluntarily caused such injuries, and that both Mr. Bishop, defense counsel, and the defendant were sorry that such injuries had occurred."

The word (not) in the court's qualification is evidently a typographical error because the statement of facts shows that appellant did testify upon the trial, and same is also shown in the above statement.

From such qualification it is shown that both the argument of defense counsel, as well as that complained of herein, took place after the trial court had ruled on the admissibility of the question shown in Bill No. 5; and was in answer to the expressions of appellant's counsel of remorse and regret upon his client's part in argument to the jury. We think the statement of the District Attorney arose because of, and was provoked by the expressed regret of counsel himself and appellant as shown in his argument set forth in the completed bill to which qualification no exception was taken, and that such remarks were well within the District Attorney's rights when answering such statement relative to appellant's remorse and regret. True it is that appellant received six months over the minimum under the verdict of the jury, but we are impressed with the idea that the gruesome facts presented herein would have supported a much heavier sentence than the one awarded to appellant by a merciful jury.

The motion for rehearing is overruled.