Roosevelt MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 44722.

Court of Criminal Appeals of Texas.

March 22, 1972.

Rehearing Denied May 24, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of rape. The punishment was assessed at life.

Appellant alleges as grounds of error that the trial court should have allowed him to retain counsel even though the trial had already begun; and improper jury argument by the prosecutor. The sufficiency of the evidence is not challenged.

The record before us reflects that on July 20, 1970, the 27 year old prosecutrix took her 9 months old daughter to a bakery in Dallas. At the time, she was driving a 1965 yellow Mustang automobile. She arrived at the bakery at approximately 4:00 P.M. As she left the bakery in her automobile, and while sitting at an intersection waiting for traffic, the appellant entered her automobile and threatened to kill her and her daughter if she did not do as he told her. He ordered her to drive to a field near a warehouse. He then took from her four or five dollars in cash and pulled her out of the automobile. He ripped off her shorts and underwear and attempted to force her to commit oral sodomy on him but she successfully resisted such action and he hit her in the face and knocked her down. He then proceeded to rape her by using force and threats. After the rape she freed herself from him and ran to the nearby warehouse where she obtained assistance. The appellant was arrested at approximately 5:35 P.M. in an old river channel approximately a quarter of a mile from the location of the rape. At the time of his arrest he was wearing a pair of dark work pants, no shirt, no shoes, but had socks on.

Fingerprints were lifted from the 1965 Mustang automobile that the prosecutrix was driving on the date in question and from the glasses that she had worn. Lieutenant J. C. Day, of the Dallas Police Department, testified that the fingerprints lifted from the automobile were the same as the fingerprints of the appellant.

Dr. Anthony Czerwinski testified that he examined the prosecutrix at approximately 9:00 P.M. on the date in question, and the result of the lab test on moisture taken from her vagina showed the existence of male sperm.

The record reflects that the trial of this case began on October 5, 1970. The following day, after the state had rested its case in chief, the appellant informed the judge that he desired to dismiss appointed counsel and to hire his own lawyer, though he had not as yet hired one. The request was refused by the trial judge and the trial continued.

■ Under the facts of this case, the trial court did not err in proceeding with the trial.

"An accused's right to select his own counsel, however, cannot be insisted upon or manipulated so at to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice."

United States v. Bentvena, 2 Cir., 319 F. 2d 916, 936, and cases cited therein. See also Robinson v. State, Tex.Cr.App., 458

S.W.2d 75; Thompson v. State, Tex.Cr. App., 447 S.W.2d 920; Estrada v. State, Tex.Cr.App., 406 S.W.2d 448.

Appellant's contention that there was improper jury argument by the prosecutor is related to the testimony of Lieutenant Day. He testified that he had attended schools conducted by the Department of Public Safety and the F.B.I. on fingerprints and that he had made several thousand fingerprint comparisons per month for twenty-two years; that he had compared the prints lifted from the prosecutrix' automobile with those of appellant and they were identical; and that he did not count the points of comparison but estimated that there were more than twelve on the fingerprints and at least one hundred on the palm print.

During the closing argument by appellant's counsel, he attacked the expertise of Lieutenant Day and complained that the state had not produced blown-up pictures of the prints to display to the jury.[1] In rebuttal, the state argued that appellant was not completely in good faith by his argument regarding the state's failure to produce blown-up photographs, because appellant could have done so himself had he so desired.

■ We conclude that the argument was invited by appellant. In Luna v. State, Tex.Cr.App., 461 S.W.2d 600, 602, this court stated:

"It is clear from the argument of defense counsel that they had taken the State to task for having failed to call all the witnesses who had been subpoenaed and sworn. All the prosecutor said was that if the defense wanted such witnesses to testify, they could have called them."

Even though the argument in the case at bar may have referred to a matter not in evidence, i. e. the availability of the prints to appellant, it was in response to and was invited by the argument of counsel for the defense. Being invited, such argument does not constitute reversible error. Holbert v. State, Tex.Cr.App., 457 S.W.2d 286.

There being no reversible error, the judgment is affirmed.

the determination of the jury and that full blown-up photographs of the prints need not be introduced.

---

1. See Wallace v. State, Tex.Cr.App., 458 S.W.2d 67, where this court held that the weight to be given such testimony is for