Lawrence C. ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee
(three cases).

Nos. 45075–45077.

Court of Criminal Appeals of Texas.

March 29, 1972.

Rehearing Denied June 7, 1972.

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

These are appeals from convictions for robbery by assault. Appellant entered pleas of guilty before a jury which assessed the punishment at 35 years' confinement in each case.

Appellant, in open court, agreed that all three causes should be tried together, and the appeals were perfected in all three cases. There was one brief filed in all three cases.

Appellant's first ground of error complains that, "The trial court committed reversible error in accepting appellant's plea of guilty as said court did not properly and adequately admonish appellant as to the consequences of his plea of guilty in each case."

The record reflects that each indictment was read separately to the appellant and after each indictment was read he entered his plea of guilty before the next indictment was read. After all three indictments had been read and plead to, the court admonished the appellant as to the meaning and effect of his pleas. It is apparent, from the record, that the appellant understood the admonishment and that the admonishment fully complied with Article 26.13, Vernon's Ann.C.C.P.

Appellant is apparently complaining because there was only one admonishment and the court did not admonish appellant separately after each indictment was read. The language used by the court in the admonishment fully informed the appellant

that it applied to each of the cases in which he had entered a plea of guilty.

 Appellant's second ground of error complains that the court committed reversible error in that the court incorrectly advised appellant that the jury could recommend probation in each case. Appellant is aware of the fact that this Court, in Wilson v. State, 436 S.W.2d 542 (Tex.Cr.App. 1968), stated as follows:

"We do not agree that it was necessary for the court to inform appellant as to the jury's authority to recommend probation when admonishing him—the consequences of his plea." See also, Gonzales v. State, 456 S.W.2d 137 (Tex. Cr.App.1970).

However, it is appellant's contention that the court incorrectly admonished appellant because the jury could not give probation in each of said cases.

Article 42.12, Sec. 3a, V.A.C.C.P., provides:

"Where there is a conviction in any court of this State and the punishment assessed by the jury shall not exceed ten years, the jury may recommend probation upon written sworn motion made therefor by the defendant, filed before the trial begins. . . . In no case shall probation be recommended by the jury except when the sworn motion and proof shall show and the jury shall find in their verdict that the defendant has never before been convicted of a felony in this or any other State. . . . In all eligible cases, probation shall be granted by the court if the jury recommends it in their verdict."

Appellant contends that under this statute "the jury was foreclosed as a matter of law from returning more than one probated sentence in the three robbery cases."

The issue of probation was submitted to the jury in each case and a verdict of 35 years was returned in each case. Therefore, the question is moot as to whether or not the jury could or would have granted probation.

 Appellant's third ground of error complains that error was made in the final argument by the prosecutor to the jury in that the prosecutor made a direct comment on how long appellant would be required to serve any sentence of confinement in the Texas Department of Corrections. The complained of argument was as follows:

"You will give three separate punishments for the offenses, but they will all run together, at the same time, they won't be stacked one on top of the other, so think about that, they will all run together, at the same time."

There was no objection by appellant to this argument and nothing is presented for review by this Court. Van Bibber v. State, 371 S.W.2d 880 (Tex.Cr.App.1963). Further, the sentences were not cumulated.

There being no reversible error, the judgments are affirmed.