Larry Elton ATWOOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 51563.

Court of Criminal Appeals of Texas.

June 16, 1976.

Ted Allmond (on appeal only), Galveston, for appellant.

Jim Sharon Bearden, County Atty. and Patrick A. Clark, Asst. County Atty., Orange, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of attempted capital murder. Punishment was assessed at twenty-five years.

Considering the evidence in the light most favorable to the verdict, the record reveals that while Police Officer David Hamlett was questioning appellant concerning a traffic violation on July 7, 1974, and when he asked appellant to show his driver's license, appellant drew a knife from his back pocket and stabbed officer Hamlett in the stomach. Hamlett underwent an operation due to his wound, and was hospitalized for seven days. The sufficiency of the evidence is not challenged.

The 29-year old appellant initially contends that the court reversibly erred in overruling his objection to the following argument of the prosecuting attorney at the punishment stage:

"[Mr. Bearden (State)]: I told you Monday morning that the State of Texas was opposed to probation in this case. If I felt that this was the type of case that deserved to be probated, then with the Court's permission that could have been done. Ladies and Gentlemen, the Legislature did establish the right of probation and established it in the proper cases, probated deserved to be of young people, people who are seventeen and twenty-two, in that age bracket.

"MR. BAKER: Now, Your Honor, I—

"MR. BEARDEN: That isn't any boy.

"MR. BAKER: I object to that. That is a gross misstatement of the law and I ask you to instruct the jury to completely disregard it.

"THE COURT: Your objection is overruled.

"MR. BAKER: Note our exception."

Prior to the commencement of the trial, appellant filed his motion for probation in the event of a conviction, and the issue of probation was submitted by the court in its charge to the jury with proper instructions as provided in Art. 42.12, Secs. 3 and 3a, V.A.C.C.P. prior to the argument at the penalty stage of which complaint is made. There was no limitation as to age in the charge on probation.

■ Appellant specifically contends that the above argument is a misstatement of the law in that it would limit the right of the jury to grant probation to defendants within the age bracket of between seventeen and twenty-two years of age, and would require the approval of the prosecutor with permission of the court. We do not construe the argument as necessarily bearing the interpretation as stated in appellant's contention. A more realistic construction is that the prosecuting attorney was stating his own views of when probation should be given. He argued that if he felt the case proper for probation, then with the court's permission probation "could have done." No objection was addressed to his giving his opinion. He continued, in rather indefinite language, to argue that the Legislature established the right of probation "in the proper cases," and in the remainder of the sentence somewhat ungrammatically expressed his view of a proper case by saying probation is deserved "of young people, people who are seventeen and twenty-two, in that age bracket."

Appellant's objection was limited to the argument being a "gross misstatement of the law." Had the prosecutor stated that probation was limited to defendants of any particular age bracket, he would have been guilty of a "gross misstatement of the law." See Art. 42.12, Secs. 3 and 3a, V.A.C.C.P. Although the argument may have been subject to objection, we do not find that it was subject to the objection made.

Additionally, probation was not applicable to the twenty-five year punishment assessed by the jury. The maximum punishment for which probation may be granted is ten years. Art. 42.12, Secs. 3, 3a, V.A.C.C.P. The jury was instructed by the court in its charge that it could recommend probation if the punishment assessed was ten years or less, and if it found that appellant had never been convicted of a felony.

In *Alexander v. State*, Tex.Cr.App., 482 S.W.2d 862, three cases against the defendant were tried before a jury at the same time. The defendant plead guilty and filed for probation in each case. On appeal, he complained that the trial court committed reversible error in that it incorrectly advised the defendant that the jury could recommend probation in each case. He contended that under Art. 42.12, Sec. 3a, V.A.C.C.P., "the jury was foreclosed as a matter of law from returning more than one probated sentence in the three robbery cases."

In disposing of this contention, this Court said:

"The issue of probation was submitted to the jury in each case, and a verdict of 35 years was returned in each case. Therefore, the question is moot as to whether or not the jury could or would have granted probation."

■ In the instant case, the jury clearly showed that it had no intention of granting probation when it assessed punishment at twenty-five years. Under the facts of this case, error, if any, in the above quoted argument of the prosecuting attorney was harmless, and is not cause for reversal. The ground of error is overruled.

In the second ground, appellant contends the court erred in overruling his motion for a mistrial directed at the prosecutor's cross-examination of appellant at the punishment stage concerning charges filed against him for public intoxication and disturbing the peace, which charges did not result in convictions.

The evidence referred to in the argument under this ground of error is as follows:

"Q. Do you recall being arrested for being intoxicated on January the 14th, 1974?

"A. Well, now you see, they've got a bad habit—can I tell you—

"Q. Just answer 'Yes' or 'No.' Do you recall that incident?

"A. 1–7–74 yeah, I believe.

"Q. Do you recall an incident on 10–8–72 of being arrested for D.W.I.?

"A. Right. Well, now, that hasn't ever gone to Court or anything.

"Q. Do you recall, also, fleeing from a police officer on that same occasion that you were arrested for D.W.I.?

"A. The fleeing from the police officer was right in my block. There was no fleeing to that.

"Q. Did you not pay a fine on that?

"A. Yeah, well, I paid a fine which shouldn't have been paid.

"Q. But you did pay a fine, didn't you?

"A. Well, yeah—generally—I just paid it, you know?

"Q. And by paying a fine, that admits your guilt, doesn't it?

"A. Well, I was informed that I shouldn't have paid it.

"Q. Okay. Let me ask you this: Do you recall also the public intoxication and disturbing the peace on 2–12–65?

"MR. BAKER: Your Honor, we object to all this line of questioning about misdemeanor offenses, and at this time move for a mistrial on the grounds that the District Attorney is inquiring into specific misdemeanors, which he is not entitled to according to the law.

"THE COURT: Your objection is overruled, and your request for a mistrial is denied.

"MR. BAKER: Note our exception.

"BY MR. BEARDEN:

"Q. Do you recall that incident?

"A. What, in '65?

"Q. Yes, sir.

"A. I don't believe so."

■ No objection to the questions concerning the arrest for intoxication on Janu-

ary 14, 1974, the arrest for D.W.I. on October 8, 1972, or for fleeing from a police officer on that same date,[1] was made in a timely fashion sufficient to preserve error. It is fundamental that a timely objection must be urged at the first opportunity. See *Stutes v. State*, Tex.Cr.App., 530 S.W.2d 309; *Hunter v. State*, Tex.Cr.App., 530 S.W.2d 573; *Cooper v. State*, Tex.Cr.App., 500 S.W.2d 837.

The objection finally made by appellant was a general objection "to all this line of questioning about misdemeanor offenses" and was not specifically directed to the "public intoxication and disturbing the peace on 2–12–65." Additionally, appellant denied recalling any such incident. Reversible error is not presented.

The judgment is affirmed.

Opinion approved by the Court.

ODOM, Judge (concurring in part and dissenting in part).

I concur in the affirmance of this case with respect to the first ground of error because I do not believe the argument complained of was of sufficient gravity to have deprived appellant of a fair trial. I do, however, take exception to the majority's reliance on *Alexander v. State*, Tex.Cr.App., 482 S.W.2d 862, in its asserted alternative basis for disposing of this ground of error.

In *Alexander*, the defendant contended on appeal that the trial court had improperly admonished him with respect to the permissibility of jury-recommended probation in three jointly-tried, guilty plea cases. This issue of statutory construction was held moot because the punishment assessed in that case would have precluded such a recommendation in any event. Jury argument was not at issue there.

In *Alejandro v. State*, Tex.Cr.App., 493 S.W.2d 230, the conviction was reversed for improper prosecutorial jury argument on the subject of probation even though the punishment assessed precluded a recommendation for probation by the jury. In

two separate dissents, both by Judge Douglas, it was asserted that *Alexander v. State*, supra, should have been applied. The inapplicability of that case, however, should have been obvious. To hold that improper jury argument regarding probation is harmless or the issue moot whenever it achieves its purpose of securing punishment to a degree that precludes a recommendation of probation or otherwise diminishes consideration of the issue is to hold in effect that the very success of the improper argument renders it harmless. This internal inconsistency should be apparent to all.

Although I agree that the argument complained of in the instant case does not present reversible error, I do so not because of the punishment assessed but despite it.

Having made these comments, I concur in the affirmance of this conviction.

ROBERTS, Judge (dissenting).

I concur in the opinion of my brother Odom only to the extent that he takes exception to the majority's reliance upon *Alexander v. State*, 482 S.W.2d 862 (Tex.Cr. App.1972). That case is in fact distinguishable for the reasons stated in Judge Odom's opinion.

However, I would hold that the argument constituted unsworn testimony outside the record and that reversal is required under the authority of *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973), and *Lott v. State*, 490 S.W.2d 600 (Tex.Cr.App.1973), two cases where this Court reversed because of prosecutors' arguments which unfairly and illegally urged the jurors not to grant probation.

In *Alejandro* the prosecutor argued as a fact that the probation officer attached to the trial court already had 350 probationers under his supervision. The defendant's objection to this argument was overruled. The prosecutor then argued that the probation officer was supposedly limited to 75 probationers and that there was a special unit in the Texas Department of Correc-

---

1. As to the conviction for fleeing from an officer, this was admissible as a part of appellant's criminal record at the punishment stage. See Article 37.07, Section 3(a), V.A.C.C.P.

tions for the first offenders, where the defendant could get a junior college education. The jury assessed punishment at 25 years, and this Court held that the argument required reversal.

In *Lott*, the prosecutor argued that there were different units in the Department of Corrections, including one for young offenders. He then argued that the defendant would be sent to the Ferguson Unit with other young offenders. Objections to these arguments were overruled. The jury assessed a term of ten years without probation; this Court reversed, holding that the error could not be labelled harmless.

The argument before us presents a stronger case for reversal than either *Lott* or *Alejandro*. Here, the prosecutor not only injected unsworn testimony in an obvious attempt to persuade the jury not to grant probation, he also completely misstated the law. Probation is clearly *not* limited to defendants within a given age group. See Article 42.12, Vernon's Ann.C.C.P., especially Sections 3, 3a, and 3d(a). Such a misstatement could only have served to prejudice the rights of the appellant.

Nor can I agree that the prosecutor was merely expressing *his* view of probation and who should receive probation. The only reasonable interpretation of the prosecutor's statement is that the *Legislature* had decided that only those between seventeen and twenty-two were entitled to probation.

Moreover, in this case, as in *Lott* and *Alejandro*, the appellant's objection was overruled; this compounded the error. *Cherry v. State*, 507 S.W.2d 549 (Tex.Cr. App.1974).

Finally, this case does not present the problem common to *Lott* and *Alejandro*, where it was suggested that the prosecutor's argument was invited; here, no such suggestion is made—nor from this record could it be.

I can only conclude that we are faced with the situation described in *Alejandro*, where this Court held:

"To receive the stamp of approval of this court, jury arguments need to be within the areas of: (1) summation of the evidence, e. g., *Ward v. State*, Tex.Cr. App., 474 S.W.2d 471; *Andrews v. State*, 150 Tex.Cr.R. 95, 199 S.W.2d 510; (2) reasonable deduction from the evidence, e. g., *Frazier v. State*, Tex.Cr.App., 480 S.W.2d 375; *Archer v. State*, Tex.Cr. App., 474 S.W.2d 484; (3) answer to argument of opposing counsel, e. g., *Turner v. State*, Tex.Cr.App., 482 S.W.2d 277; *Miller v. State*, Tex.Cr.App., 479 S.W.2d 670; and (4) plea for law enforcement, e. g., *Minafee v. State*, Tex.Cr.App., 482 S.W.2d 273; *Langham v. State*, Tex.Cr. App., 473 S.W.2d 515. *The arguments that go beyond these areas too often place before the jury unsworn, and most times believable, testimony of the attorney.*" 493 S.W.2d, at 231–232 (emphasis added).

The prosecutor's argument in this case was not within the areas approved by this Court. It unquestionably placed damaging believable testimony before the jury, testimony which was both unsworn and untrue.

The judgment should be reversed.