Motion for Rehearing Granted, Opinion of August 2, 2001, Withdrawn,
Affirmed As Modified, and Opinion on Rehearing filed on Ma









Motion for Rehearing Granted, Opinion of August 2,
2001, Withdrawn, Affirmed As Modified, and Opinion on
Rehearing filed on May 22, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-99-01004-CR

____________

 

NATHAN GEORGE HOWARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
85th District Court

Brazos
County, Texas

Trial Court Cause
No. 26,421-85

 



 

O P I N I
O N    O N    R E H E A R I N G

Appellant=s motion for rehearing is granted. We withdraw the opinion
issued August 2, 2001, and substitute the following in its place.








Appellant,
Nathan George Howard, was originally charged by indictment with two counts of
indecency with a child.  Appellant=s motion for severance of the
offenses was granted. 
A jury trial commenced on count one of the indictment charging appellant
with indecency with N.C., a child younger than seventeen years and not
appellant=s spouse. The jury found appellant
guilty of the offense charged and assessed punishment at ten years= confinement in the Texas Department
of Criminal Justice, Institutional Division, and a $10,000 fine.  The jury recommended suspension of
confinement and placement of appellant on community supervision.  The trial court assessed punishment at ten
years= community supervision, a $10,000
fine, and ordered appellant to serve 180 days= confinement in the Brazos County
jail as a condition of community supervision. 
In nine points of error, appellant appeals his conviction.   We modify the judgment and affirm the
judgment as modified.         

B A C K G R O U N D 

Appellant
was charged with indecency with a child,[1]  N.C., which, according to N.C.=s testimony, occurred numerous times while appellant was
babysitting in her home.  The touching of
N.C.=s genitals was through her clothing. 

At a hearing held prior to the start
of testimony, the State informed the court of its intent to offer evidence of
similar acts allegedly committed by appellant against three other children
while he was employed as their babysitter. 
The State=s purpose for offering this extraneous evidence was to rebut
an anticipated defense of accident because the touching was over the clothes,
and to prove that the touching of N.C. was done with the intent to gratify the
sexual desire of appellant. 
Specifically, the State argued that the jury might have difficulty
understanding that touching over the clothes can be with the intent to arouse
and gratify a person=s sexual desire.  After
hearing the State=s argument, the trial court overruled appellant=s objection to the extraneous offense
evidence and admitted the evidence to prove intent.








Subsequently,
three other children, under the direct supervision of appellant, testified that
he touched them over their clothing. 
A.C. testified that appellant touched her in the vaginal area through
her clothing on at least three occasions and that appellant touched her breasts
under her shirt.  S.H. testified that
appellant, while babysitting him, tickled him in his groin area.  Also, S.H. testified that he observed
appellant, on about five occasions, in bed with his sister, H.H., touching her
on her vaginal area.  H.H., a five year
old girl, testified that appellant touched her on her “bad spot.”  H.H.=s father was seated at the
prosecution table during H.H.=s testimony because, the State argued, H.H. was terrified of
appellant.

Appellant=s counsel called N.C.=s father to the stand. 
He was the first person N.C. told of the molestation.  In addition to the outcry testimony, N.C.=s father testified that he was convicted in 1990 of four
counts of credit card fraud and sentenced to eighteen months confinement in a federal
prison.  Appellant=s counsel also called witnesses who
testified that N.C.=s father had a reputation for being
untrustworthy, as did his children.  In
addition, appellant called five character witnesses who testified that during
appellant=s volunteer activities at church,
there were never any allegations of impropriety with the children there.

Appellant testified and denied that
he molested N.C. or the other children. The court=s charge to the jury included an
instruction limiting the jury=s consideration of the extraneous offenses to the intent of
the appellant at the time of the offense charged.  After the jury returned a verdict of guilty,
appellant brought this appeal.

I.

Notice Under Rule 404(b)

In his fourth point of error,
appellant claims the trial court erred in admitting the extraneous offense
testimony of H.H. and S.H. because the State failed to provide adequate notice
of its intent to use it at trial, in accordance with Evidence Rule 404(b).  Specifically, appellant contends the May 21,
1999 filing by the State of a document entitled “State’s Notice of Intent to
Offer Extraneous Offenses” constituted inadequate notice under 404(b).  Voir dire of the jury began on May 24, 1999,
but trial before the jury did not begin until the next day.








A. 
Standard of Review

In determining whether a trial court
erred in admitting evidence, the standard for review is abuse of
discretion.  Mozon v. State, 991
S.W.2d 841, 846B47 (Tex.
Crim. App. 1999).  “A trial court
abuses its discretion when its decision is so clearly wrong as to lie outside
that zone within which reasonable persons might disagree.”  Foster v. State, 909 S.W.2d 86, 88
(Tex. App.CHouston [14th Dist.] 1995, pet. ref’d)
(citing Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g)).  This standard of review will also be applied
in part II below.

                                                                B.  Rule 404(b)

The purpose behind the notice
provision of this rule is to adequately make known to the defendant the
extraneous offenses the State intends to introduce at trial and to prevent surprise to the defendant. 
Self v. State, 860 S.W.2d 261, 264 (Tex. App.CFort Worth 1993, pet. ref=d). 
Rule 404(b), which governs the admissibility of character evidence,
provides:

Evidence of other crimes, wrongs, or acts may,
however, be admissible for
other purposes, such as proof of motive, opportunity, intent, preparation,
plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the
accused, reasonable notice is given in advance of trial of intent to introduce
in the State=s case in chief such evidence other than that arising in the same
transaction.

 








Tex. R.
Evid. 404(b) (emphasis
added).  Rule 404(b) uses the term “reasonable”
to refer to the contents of the notice and that it be
in advance of trial.  Generally, what
constitutes “reasonable notice” under Rule 404(b) depends on the facts and
circumstances of the case.  Sebalt v. State, 28 S.W.3d 819, 822 (Tex. App.CCorpus Christi 2000, no pet.).  Here, appellant argues that the State did not
give reasonable notice of its intent to admit H.H. and S.H.=s testimony regarding extraneous
offenses.  Appellant relies on Hernandez
v. State, which holds that filing a 404(b) response on a Friday is not
adequate or reasonable notice for a trial that begins the following
Monday.  914 S.W.2d 226, 234 (Tex. App.CWaco 1996, pet. ref’d). 
Although some courts have found this period of time to be unreasonable
notice, it is not per se unreasonable.  See
Sebalt,
28 S.W.3d at 821B22; see also Ramirez
v. State, 967 S.W.2d 919, 923 (Tex. App.CBeaumont 1998, no pet.) (finding that it is not an abuse of discretion if a trial
judge holds that three days is adequate notice).  “The reasonableness of the notice is
determined by all of the facts and circumstances of the case.”  Sebalt, 28 S.W.3d at 822.  We
do not disagree with appellant=s contention that a one-day notice period is inadequate.  Neuman v.
State, 951 S.W.2d 538, 540 (Tex. App.CAustin 1997, no pet.) (holding notice of extraneous offenses provided to defendant
on Monday morning when jury selection began, where first witness was called on
Tuesday, was not reasonable).  However,
neither Hernandez nor Neuman control
this point of error.

C.  Analysis

On May 10,
1999, fifteen days before the first witness was called, the State provided
appellant=s attorney with a letter that states,
in part, as follows:

Below is a summary of outcries
made by other child victims of Nathan Howard. 
They are sent both as notice under Rule 404(b), and as notice of outcry
under Article 38.072.  We intend to call
the outcry witnesses to testify for any purposes under which this evidence
becomes relevant.  

 

The letter
then proceeded to describe sexual contact between appellant and S.H. and
appellant and H.H. on June 22, 1998.  It
also described sexual contact between appellant and H.H. on July 1, 1998.

On May 21,
1999, eleven days after the letter, the State filed its “Notice of Intent to
Introduce Extraneous Offenses.”  This
notice expressed the State=s intention to introduce extraneous offenses pursuant to Rule
404(b) and Article 37.07 of the Code of Criminal Procedure, and its intention
to use the extraneous offenses listed in the notice in its case-in-chief and/or
at the punishment phase of the trial. 
The two listed extraneous offenses are:

 

1.         On June 22, 1998, defendant engaged in
sexual contact by touching the genitals of H.H., a child younger than 17 years
of age.

 

2.         On June 22, 1998, defendant engaged in
sexual contact by touching the genitals of S.H., a child younger than 17 years
of age.








The two
notices of the State=s intent to introduce evidence of extraneous offenses
committed by appellant refer to the offenses that occurred between appellant
and S.H. and appellant and H.H. on June 22, 1998.  Moreover, both notices refer to Rule 404(b),
thus establishing the documents as responsive to appellant=s request for notice of extraneous
offense evidence filed January 20, 1999.








While the reasonableness of the State=s notice filed and served on
appellant=s counsel on May 21, 1999, just four
days before the first witness was called, might be legitimately questioned, the
timing of the notice on May 10, 1999 is unquestionably reasonable.  Appellant contends that the notice on May 10
is not satisfactory because it refers to article 38.072 and asserts the State=s intent to call only the outcry
witnesses at trial.  This argument is of
no moment.  Evidence of a victim=s outcry is admissible under article
38.072 in the prosecution of an offense under chapter 22 of the Penal Code if
committed against a child 12 years of age or younger.  Jones v. State, 817 S.W.2d 854, 857
(Tex. App.CHouston [1st Dist.] 1991, no
pet.).  Here, the prosecution of
appellant is for sexual contact with N.C.  Article 38.072, Section 2, permits hearsay
statements, made by the child against whom the offense was allegedly committed,
by the first person 18 or more years old to whom the child made a statement
about the offense.  Tex. Code Crim. Proc. Ann. art. 38.072,
' 2(a) (Vernon Supp. 2001).   The outcry statute exception to hearsay
testimony does not extend to an outcry of a child respecting an extraneous
offense.  Beckley v. State, 827
S.W.2d 74, 78 (Tex. App.CFort Worth 1992, no pet.).  Therefore, the State could not have used the
testimony of the outcry witnesses referred to in the May 10 letter because the
children were not the victims, and thus any outcry
witness testimony involving statements by these non-victims would constitute
hearsay.  However, the State could
present the extraneous offense evidence directly through the victims, H.H. and
S.H., because the May 10 letter was timely notice to appellant that the State
intended to use the evidence for 404(b) purposes.  Accordingly, we hold the State provided
appellant reasonable notice under Rule 404(b) of its intent to introduce
non-hearsay extraneous offense evidence at the guilt stage of trial.  The trial court did not, therefore, abuse its
discretion in overruling appellant=s objection to the 404(b) evidence
based on the abbreviated notice period. 
We overrule appellant=s fourth point of error. 
   

II.

Admission
of Extraneous Offense Evidence

In his first, second, and third points of error, appellant
asserts that the trial court erred  in
admitting evidence of extraneous offenses involving A.C., H.H., and S.H.,
during the guilt-innocence phase of trial. 
Appellant argues that any extraneous offenses should not be admitted
because the intent can be inferred from the act against complainant, N.C.  Appellant argues that since N.C. testified
the improper touching occurred repeatedly, the State had no need to introduce
extraneous offense evidence.   

A person
commits an offense of indecency with a child “if, with a child younger than 17
years and not his spouse, whether the child is of the same or opposite sex, he:  (1) engages in sexual contact with the child.”  Tex. Pen. Code Ann. 21.11(a)(1) (Vernon Supp. 2001).  ASexual contact@ means “any touching of the anus,
breast, or any part of the genitals of another person with the intent to arouse
or gratify the sexual desire of any person.” 
Id.
' 21.01(2) (Vernon 1994).  The indecency offense requires the “intent to
arouse or gratify the sexual desire” because legitimate, non-criminal, contact
may occur between parents, nurses, doctors, or other care-givers and a child,
particularly a young child, on the relevant body parts.  Caballero v. State, 927 S.W.2d 128, 130B31 (Tex. App.CEl Paso 1996, pet. ref’d).  The offense, however, does not require that
arousal or gratification actually occur. 
Id.  Instead, the offense is complete upon
the contact accompanied by the requisite intent.  Id.  Specific intent to arouse or gratify sexual
desire can be inferred from the defendant=s conduct, his remarks, and all
surrounding circumstances.  Lozano v.
State, 958 S.W.2d 925, 930
(Tex. App.CEl Paso 1997, no pet.).








In this case, N.C. testified that appellant touched her
genital area almost every time he came to babysit, usually after being asked to
rub her back.  On every occasion,
appellant and N.C. were clothed. 
Appellant contends that if he did touch N.C.=s genital area it was only by
accident.  However, A.C. testified that
appellant, while rubbing one of her legs would pass over her genital area to
rub the other.  A.C. and appellant were
clothed during this incident.  S.H.
testified that appellant, while playing a game, tickled his genital area
through his clothes.  H.H. also testified
that appellant touched her genital area during her nap time.  Again, H.H. and appellant were clothed.  Clearly the instances of touching of the
genitals are very similar in that they occurred over the clothing and usually
in combination with rubbing other non-sexual body parts.  

Extraneous
offenses are permissible to prove the element of intent in cases in which
intent is an essential element of the offense and cannot be inferred from the
act itself. Williams v. State, 662 S.W. 2d 344, 345B46
(Tex. Crim. App. 1984); Albrecht v. State, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972).  The admissibility of extraneous offenses is
governed by Rule 404(b), which provides that such evidence is admissible if it
is probative of motive, opportunity, intent, preparation, plan, knowledge,
identity, absence of mistake or accident, or other similar purpose. Tex. R. Evid. 404(b).  “Evidence is admissible when intent is as
essential element of the State=s case and where such intent cannot be inferred from the act
itself.”  Aich v.
State, 879 S.W.2d 167, 174 (Tex. App.CHouston [14 Dist.] 1994, pet ref=d) (citing Crawley v. State, 513 S.W.2d 62, 64 (Tex. Crim. App.
1974)).








The only
facts in evidence indicating appellant had intent to arouse or gratify his
sexual desire are the acts of touching, which appellant contends were
accidental, if they happened at all. 
N.C. testified appellant did not ask her to not tell anyone of the
touching and testified that all incidents of touching occurred over the
clothes.  N.C. also testified that
appellant never asked her to touch him and never removed any clothing at the
time of the improper touching.  Thus,
inasmuch as there are no other facts to suggest intent, the State=s need to present some alternate
indicia of intent is great because intent will need to be established by
showing the commission of similar acts. 
Here, because the extraneous offenses were repeated and very similar to
the act in question, they are relevant to establishing an objective inference
of appellant=s intent.  See Morgan v. State, 692 S.W.2d 877, 881 (Tex. Crim. App
1985) (holding extraneous acts of touching complainant=s sister were properly admitted as
relevant to infer specific intent to gratify sexual desire).

Once evidence
is determined to be relevant, it is admissible unless the unfair prejudicial
effect of the evidence substantially outweighs its probative value.  See Tex.
R. Evid. 403.  To prove error in
its admission appellant must show that the evidence was unduly prejudicial and
its probative value is substantially outweighed by the danger of unfair
prejudice.  See Montgomery v. State, 810 S.W.2d 372, 377B78 (Tex. Crim. App. 1991).  The trial court should favor admission in
close cases in keeping with the presumption of admissibility.  See id.  Factors used
to measure the probative value of an extraneous offense  include similarity between the
extraneous offense and the offense charged, closeness in time of the extraneous
transaction to the charged offense, and availability of alternative sources of
proof.  Keller v. State, 818 S.W.2d 425, 429B30 (Tex. App.CHouston [1st Dist.] 1991, pet. ref=d). 
The State need not show as high a degree of similarity between
extraneous offenses when the purpose of the proof is to
show intent.  Plante v. State, 692
S.W.2d 487, 493 (Tex. Crim. App. 1985).

The
extraneous offense evidence introduced here was the same or similar to the
evidence presented for the charged offense. 
Witnesses testified they were touched over the clothing while appellant
rubbed or tickled them.  The extraneous
offenses were sufficiently close in time to the charged offense to have
provided additional probative value.  As
the State had no other evidence to show intent, there were no other alternative
sources of proof available.








In
determining whether there was an abuse of discretion in admitting the evidence
of extraneous offenses, the trial court=s ruling must be measured against the
relevant criteria by which a Rule 403 decision is to be made. Montgomery, 810 S.W.2d at 392.  Factors include the inherent probative value
of the extraneous offense evidence, the potential of the extraneous offense
evidence to impress the jury in an irrational but indelible way, the time
needed at trial to develop the evidence, possibly distracting the jury from the
indicted offense, and the proponent’s need of the extraneous offense
evidence.  Id. at 389B90.


Measuring the
relevant criteria under an abuse of discretion standard, the extraneous offense
evidence in the present case was not unduly prejudicial and the probative value
substantially outweighed the danger of unfair prejudice.  Intent to arouse or gratify sexual desire was
an essential element of the offense the State was required to prove beyond a
reasonable doubt.  See Tex. Pen. Code Ann. ' 21.01(2) (Vernon 1994).  Intent is clearly at issue once the defendant
argues the charged offense was unintentional or accidental.[2]
Johnson, v. State, 932
S.W.2d 296, 302 (Tex. App.CAustin 1996, pet. ref’d).  The extraneous offense evidence offered here
was substantially similar to the offense at issue in that they all included
touching over the clothes.  Similarity
between the extraneous transactions and the charged offense is an important
measure of probative value.  Keller, 818  at 429.  While there was potential the extraneous
offense evidence would impress the jury in some irrational way, the trial court
gave a limiting instruction on the use of the extraneous offense evidence.  It is presumed that the jury will properly
consider evidence when correctly instructed by the trial judge.  Abnor
v. State, 871 S.W. 2d 726, 740 (Tex. Crim. App. 1994).  Finally, the State did not have other
convincing evidence to establish the intent issue; therefore, the need for the
evidence was great.  See Montgomery, 810 S.W.2d at 392. 

Based upon the foregoing, we conclude the extraneous acts of
misconduct were relevant to prove appellant=s specific intent to arouse and
gratify his sexual desire in the instant offense, and hold the admission of
such evidence was not an abuse of discretion. 
See Aitch v. State, 879 S.W.2d at 174.

Appellant=s first, second, and third points of
error are overruled.








III.

Comment on
the Weight of Evidence

In his fifth point of error, appellant contends the trial
court erred by commenting on the weight of the evidence in its instructions to
the jury in the guilt phase of the trial. 
Specifically, the trial court defined the term “touching” as “to
perceive by the sense of feeling and includes, but is not limited to flesh to
flesh contact between two individuals.” 
Appellant argues that because appellant was accused of touching the
complainant and the other witnesses while clothed that this is a comment on the
evidence, and that touching is a common sense term that does not need to be
defined by the trial court.

The Code of
Criminal Procedure 
addresses the issue of the judge=s charge to the jury.  See Tex.
Code Crim. Proc. Ann. art.
36.14 (Vernon Supp. 2001) (stating that the judge shall not, in the charge,
express any opinion as to the weight of the evidence, sum up the testimony,
discuss the facts or use any argument in the charge calculated to arouse the
sympathy or excite the passions of the jury). 
However, unlike the Rules of Civil Procedure, it does not specifically
address the issue of definitions to the jury. 
See Tex. R. Civ. P. Ann. 277 (Vernon Supp.
2001) (stating that the “court=s charge shall not be objectionable on the ground that it incidentally constitutes a comment on the
weight of the evidence or advises the jury of the effect of their
answers when it is properly part of an
instruction or definition.”) (emphasis added).  








The trial
court=s charge included a definition not
provided in the Penal Code, but it does not reveal the trial court=s opinion as to the weight of any
evidence, sum up testimony, discuss the facts or appear calculated to arouse
sympathy or excite the passions of the jurors. 
The trial court apparently determined that the word touching, in the
context of “sexual contact,” could be interpreted not to include touching while clothed.  This argument has been presented before.  In Guia
v. State, the court rejected defendant=s argument that no sexual contact had
occurred because the individual he touched was fully clothed at the time of the
touching.  723 S.W.2d 763, 766 (Tex. App.CDallas 1986, pet ref’d); see also Resnick
v. State, 574 S.W.2d 558, 559B60 (Tex. Crim. App. 1978) (rejecting
the argument that flesh-to-flesh contact is required under the meaning of
sexual contact). 

A trial court
has broad discretion in submitting proper definitions and explanatory phrases
to the jury.  Macias v. State, 959
S.W.2d 332, 336 (Tex. App.CHouston [14th Dist.] 1997, pet. ref’d).  Appellant=s contention that the “definition
could be interpreted as a comment on the weight of the evidence” is
mistaken.  Here, if the trial court had
stated that touching over the clothes was included in the definition of sexual
contact, then it might be perceived as a comment on the weight of the
evidence.  For example, in Santos v.
State, the appellant groped the complainant and ran when she started
screaming.  961 S.W.2d 304, 305 (Tex. App.CHouston [1st Dist.] 1997, pet. ref’d).  The trial court=s instruction stated that the jury
could consider “that flight from the scene of an offense may be considered”
when determining intent.  Id. at 306.  The Santos
court held that this constituted a comment on the weight of the evidence
because it singled out the particular fact that appellant fled the scene.  Id.  Here, by using the term
Aflesh-to-flesh@ touching, the trial court avoided
commenting on the facts in this case; specifically, the trial court did not use
the term over-the-clothes in its definition of touching.  Therefore, the trial court=s definition of touching stated in
the jury charge was not an opinion as to the weight of the evidence, did not
sum up the testimony, did not discuss the facts or use any argument calculated
to arouse the sympathy or excite the passions of the jury.  Accordingly, appellant=s fifth point of error is
overruled.  

IV.

Improper
Jury Argument

In his sixth
point of error, appellant contends that the trial court reversibly erred in
overruling defense counsel=s objection regarding some of the prosecutor=s comments during closing
argument.








Proper jury
argument falls within the following categories: (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) responding to opposing counsel=s argument; and (4) plea for law
enforcement.  Long
v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991).  Further, a prosecutor is entitled to draw all
inferences from the evidence that are reasonable, fair, legitimate, and offered
in good faith.  McFarland
v. State, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992).

Here,
appellant argues that the following comments by the State amounted to improper
jury argument:

STATE:           And so what is the defense?  Apparently, it=s Robert Cottrell, as far as I can
tell.  And so what did Robert
Cottrell add or subtract from this case, I guess, is what you have to ask
yourself because this case is not about Rob Cottrell as much as Mr. Bryan
[defense counsel] might like it to be.  It=s about
[appellant].  So you have to ask
yourself, AWhy did they call him to the stand?@  Do you think
maybe they wanted to trash him?  Do you
think maybe they thought that would distract you from the truth? 

 

Then defense counsel objected to the
argument.  However, these comments were
directly in response to comments made earlier during defense counsel=s closing argument, as follows:

DEFENSE:     Why did this happen?  I don=t think
[appellant] knows why this happened, why they=re
accusing him of this.  Is it because the
children are trying to get attention?  Is
it for money?  Maybe
some lawsuit?  Is it because they=re mad at [appellant]? 
Or did Robert Cottrell molest them?

Who knows what happened?  Robert Cottrell takes them back and puts them
in bed, closes the door.

 

Then the State objected and the trial
court sustained the objection.  Defense
counsel continued:

DEFENSE:     This is a weird man, ladies and gentleman,
I=m telling you. [Robert Cottrell] runs a weird
household.  He=s done some things in his past.  And you know, sometimes people that molest
children that [sic] ask them over and over and over every two months, “Have you
been touched,” are doing that to protect themselves
and maybe shift the blame on somebody else.

 

The State objected once more, and the
court again sustained the objection.  








The State was
only responding to the accusations made by defense counsel during his closing
argument.  Therefore, the trial court did
not err in overruling appellant=s objection.  See
Nance v. State,  946 S.W.2d 490, 494
(Tex. App.CFort Worth 1997, pet ref=d); see also Miller v. State, 479 S.W.2d
670, 672 (Tex. Crim. App. 1972) (stating that a response to argument by
opposing counsel does not present reversible error even though referring to a
matter not in evidence).  Accordingly, we
overrule appellant=s sixth point of error. 


V.

Confrontation

 

In his
seventh point of error appellant argues that the trial court reversibly erred
by allowing H.H.=s father to sit at the prosecution
table while she testified before the jury. 
H.H.  was five years old at the time of trial, and the State
claimed that she was terrified of appellant and became more afraid of him as
the trial approached.  The State claims appellant
did not preserve error because he failed to specifically object about the
father=s location in the court room.

To preserve
error for appellate review, the complaining party must make a timely, specific
objection. Tex. R. App. P.  33.1(a).  The policy underlying specific objections
serves two purposes: (1) a specific objection is required to inform the judge
of the basis of the objection and afford him an opportunity to rule
appropriately; and (2) a specific objection will allow opposing counsel an
opportunity to remove the objection or supply other testimony.  Villareal v. State, 811 S.W.2d 212,
217 (Tex. App.CHouston [14th Dist.] 1991, no
pet.).  The objection must be made at the
earliest possible opportunity and set forth the specific grounds for the
objection in order to preserve error.  Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App.
1991). 








Here,
appellant initially objected at trial to H.H.=s father standing beside her as she
testified in the courtroom on the basis that it denied appellant the right to
confront the witness under the United States and Texas Constitutions, thus,
violating appellant=s right to due process of law.  The trial court sustained appellant=s objection.  Subsequently, the trial court decided that
the father could walk his daughter up to the stand, not talk to her, but take a
seat at the prosecution table during the course of her testimony.  Appellant, however, did not renew his
objection to the new procedure at any time or specify why or how this procedure
was unconstitutional as applied to him. 
Instead, appellant moved on to an issue of hearsay.  Thus, appellant has failed to properly
preserve his complaint for appellate review.  
Appellant=s seventh point of error is overruled.

VI.

Condition of Probation

 

In his eighth
point of error, appellant contends the trial court abused its discretion by
informing appellant the 180-day confinement in jail would be suspended if he
confessed to the commission of the offense. 
First, appellant argues that the conditional ruling violates the Fifth
Amendment right against self-incrimination. 
Second, he argues that, should appellant confess while his case is
pending on appeal, and the case eventually is reversed, the confession would be
admissible at retrial.  Appellant argues
that if the conviction is appealed, a confession would abrogate his claim of
innocence.  Therefore, appellant asks
this Court to reform the judgment by deleting the 180-day confinement
condition.  

The granting
of community supervision[3]
is a  privilege,
not a right. See Flores v. State,  904 S.W.2d 129, 130 (Tex. Crim. App.
1995), cert. denied, 516 U.S.
1050 (1996) (stating “there is no fundamental right to receive probation; it is
within the discretion of the trial court to determine whether an individual
defendant is entitled to probation”). 
The decision to grant probation is wholly discretionary and not
reviewable.  Flournoy v. State, 589
S.W.2d 705, 707 (Tex. Crim. App. 1979).  As there is no fundamental right involved,
there only needs to be a determination whether the action of the trial court
was rationally related to a legitimate government purpose.  Flores, 904 S.W.2d at 131. 








Along with
the discretionary powers to decide whether to grant community supervision, the
trial court also has discretion in determining the conditions to be imposed. Speth
v. State, 6 S.W.3d 530, 533
(Tex. Crim. App. 1999).  The
stated purpose of the adult probation statute is “to place wholly within the
State courts of appropriate jurisdiction the responsibility for determining . .
. [t]he conditions of probation . . . [and] . . . [t]o remove from existing
statutes the limitations . . . [t]hat have acted as barriers to effective
systems of probations in the public interest.” 
Tex. Code Crim. Proc. Ann.
Art. 42.12 ' 1 (Vernon Supp. 2001); Chauncy v. State, 877 S.W.2d 305, 310 n.2 (Tex. Crim. App. 1994).  Within that framework, trial courts are given
wide discretion in selecting terms and conditions of probation. Tex. Code Crim. Proc. Ann. Art. 42.12 ' 3(a) (Vernon Supp. 2001); Fielder
v. State, 811 S.W.2d 131,
134 (Tex. Crim. App. 1991); Salinas v. State, 514 S.W.2d 754, 755 n.1 (Tex. Crim. App. 1974).  A specific condition of  probation will be found invalid if it
has no relationship to the crime, it relates to conduct that is not in itself
criminal, and forbids or requires conduct that is not reasonably related to the
future criminality of a defendant or does not serve the statutory ends of probation.
 Lucy v. State, 875 S.W.2d 3, 5
(Tex. App.CTyler, 1994, pet. ref=d). 
Absent an abuse of discretion, the condition will not be disturbed.  See
Todd v. State, 911 S.W.2d. 807, 818 (Tex. App.CEl Paso, 1995, no pet.) (holding probation requirement of sending a letter of apology
to the victim was a reasonable exercise of discretion).








Here, the
record reflects the trial court heard expert testimony during the punishment
phase of the trial that indicated child molesters who are unwilling to admit
what they have done have little or no chance of changing their conduct.  The trial court noted it would suspend the
condition of probation, 180 days in jail, if appellant accepted responsibility
that appellant=s behavior was wrong.[4]  The trial court reasoned that, if appellant
accepted such responsibility, he could then more successfully participate in
and complete his treatment in a sex offender program.  The condition at issue is directly related to
the conduct in question and is aimed at preventing or lowering the risk of
future criminal conduct on the part of the appellant.  Thus, the condition at issue here does not
bear the characteristics of an impermissible condition of probation.

Further, in
order to preserve error concerning the imposition of a condition of probation,
a defendant must make a timely and specific objection.  Tex.
R. App. P. 33.1(a); see Speth, 6 S.W.3d at 530 (stating community
supervision conditions cannot be challenged for the first time on appeal).  There is no evidence in the record to reflect
appellant made such an objection. 
Therefore, appellant has not preserved the error, and has waived his
objection.

Appellant=s eighth point of error is overruled.


VII.

Sentence Modification

 

In point of
error nine, appellant asserts the judgment and sentence erroneously reflects
that appellant was convicted of the offense of indecency with a child,
specifically N.C. and another child, thereby reflecting “X2,” or times
two.  Appellant, however, was tried and
convicted for the offense committed in Count One of the indictment, involving
only N.C. Since the judgment and sentence are in error, appellant requests
reformation of the judgment by deleting the “X2” reference.  The State agrees that appellant was convicted
only on Count One of the indictment, involving N.C.  Therefore, we sustain appellant=s point of error nine, and will
modify the judgment to delete the “X2” reference.








VIII.

Conclusion

We modify the judgment to delete the “X2” reference
and affirm the judgment as modified.

 

 

/s/        John S. Anderson

Justice

 

 

 

 

 

Judgment rendered and Opinion on
Rehearing filed May 22, 2003.

Panel consists of Justices Anderson,
Fowler, and Edelman.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  See Tex. Pen. Code Ann.
' 21.11(a)(1) (Vernon Supp.
2001).





[2]  Appellant
stated, AI didn=t say anything about it [sic] could not have been done
accidently. I know I did not do it on purpose.@





[3]  The terms
probation and community supervision are used interchangeably in this opinion. 





[4]  The judge
stated in sentencing, 

 

AWhat I=m concerned with most in your situation is your denial
of the events that led up to that conviction  because I=ve heard many mental health professionals testify and I=ve gone to many seminars and I=ve read many books about sex offenders and pedophilia
and all of the related problems that are associated with trying to correct that
behavior and prevent it from occurring in the future. And almost unanimously
they are all of the opinion, as am I, that there can be no beginning to your
treatment until you admit that you=ve done
wrong.@